## SUPREME COURT.

### RACHEL S. HEATON agt. HARRISON WRIGHT.

A defendant in an action of *slander* may, in his answer, allege both the truth of the matters charged and mitigating circumstances, *or either.* They should be separately stated; and it is not necessary to plead the former in order to set up the latter. All matters properly receivable in evidence may be pleaded in mitigation of damages in an action of slander, either with or without a justification. (*See Graham agt. Stone*, 6 *How. Pr. R.* 15; *Brown agt. Orvis, id.* 376, *and* 4 *Sand.* 664, *adverse; and Bush agt. Prosser*, 13 *Barb.* 221, *and Follett agt. Jewett*, 1 *Am. Law Reg.* 600, *sustaining this view of the subject.*)

By § 165 of the Code, in actions of slander, the rules of *pleading* and *evidence* both are changed; so that the defendant may now, under an answer properly setting forth the matter in mitigation, give in evidence, to reduce the amount of damages, *any or all facts and circumstances* which have a legitimate tendency to disprove malice, or show that the truth of the charge was probable or properly inferable—and even the truth of the charge itself.

*Franklin Special Term, July,* 1854.—This is an action of slander, brought by the plaintiff, an unmarried female, for words spoken against her chastity. The complaint contains three

---

---

counts, each count charging the same words, but as spoken at different times, and to different persons. The substance of the charges are, that the plaintiff was then pregnant, or had been delivered of a child.

The defendant in his answer, *first*, denies the complaint, and, *second*, sets up, in mitigation of damages, a number of specific acts, sayings, and doings of the plaintiff, of a lewd and unchaste character; by reason of which he avers, "it became and was generally said among the plaintiff's friends and neighbors, that she had had sexual intercourse with one Whitney and others, and had become pregnant; and that the said several words mentioned in the complaint were remarks which had been made to the defendant by others, and were repeated by him as what he had heard from others."

A motion is now made by the plaintiff to strike out the second part of the answer, on two grounds: *First*, Because a defendant in slander cannot set up, in his answer, mitigating circumstances in defence, without also averring a justification:— *Second*, That the matters thus set up are not admissible in evidence for that purpose.

> FLANDERS, WHEELER, and TAYLOR, *for plaintiff*.
> A. B. PARMELEE, *for defendant*.

JAMES, Justice. As to the first ground; that such was the well established rule of pleading before the Code, is admitted. But the defendant insists that the Code has changed the rule in that respect, and that now a defendant may set up in his answer both the truth of the matter charged, and mitigating circumstances, or either; and that he is not required to allege the former in order to be entitled to avail himself of the latter.

Section 165 of the Code is as follows:—In actions of libel and slander, "the defendant may, in his answer, allege both the truth of the matter charged as defamatory, and *any* mitigating circumstances, to reduce the amount of damages; and whether he prove the justification or not, he may give in evidence the mitigating circumstances."

The plaintiff's counsel, in his argument, referred to Meyer

agt. Shultz, (4 *Sand.* 664,) Frey agt. Bennett, (1 *Code, Rep. N. S.* 255,) Graham agt. Stone, (6 *How. Pr. Rep.* 15,) Brown agt. Orvis, (*id.* 376,) as cases fully sanctioning and sustaining the construction contended for by him. It is true, that these decisions are directly in point, and the cases of Graham agt. Stone, and of Brown agt. Orvis, are sustained by very able opinions from justices JOHNSON and HARRIS. But I am unable to agree with them in their conclusions, and think they have mistaken the spirit and meaning of that section of the Code. These cases are also in conflict with the more recent cases of Bush agt. Prosser (13 *Barb.* 221) and Follett agt. Jewett, (1 *Am. Law Reg.* 600.)

Justice STRONG, in Bush agt. Prosser, says, " A literal interpretation of the language of § 165 of the Code would perhaps confine the right to set up matter in mitigation in the answer to cases where the truth of the charge is alleged; but I think it was not intended by the legislature that the section should have so limited an operation. A party may allege both the truth and mitigating circumstances; but he is not required to allege the former in order to be entitled to present the latter." In Follett agt. Jewett, SELDEN, justice, says, " There is nothing in the 165th section which imperatively calls for the interpretation given to it in Graham agt. Stone. I feel constrained, therefore, to hold that matter in mitigation may be pleaded either with or without a justification."

I fully concur in the construction given by these two decisions. In my judgment, the very object of the enactment was to do away with the unjust and absurd rules of the courts, which to the disgrace of our judicial system had so long embarrassed defendants in their defence to actions of verbal or written slander, and oftentimes prevented their giving the truth in evidence in justification or mitigation.

In construing pleadings under the Code, it should be borne in mind that " all the forms of pleading heretofore existing are abolished; and [that] hereafter the forms of pleading in civil actions, in courts of record, and the *rules* by which the sufficiency of pleadings is to be determined, are those prescribed

by the Code." (§ 140.)   Among the rules prescribed are those in § 165.

In giving construction to the provisions of the Code, I hold it my duty to endeavor to ascertain, if possible, the object and intention of the legislature, the evil to be remedied, and the good to be done; and then to give to it such construction as will accomplish the object sought.

Keeping these objects in view, I am fully satisfied that the legislature intended to give to a defendant in slander the right to allege in his answer both the truth of the matter charged, and mitigating circumstances, *or either :* that they should be stated separately, and that it is not necessary to plead the former in order to set up the latter.   Were a different construction to prevail, one of the best provisions of the Code would be rendered nugatory.

Until the court of appeals, therefore, or the supreme court at general term, shall determine upon a different rule, I shall, in actions of slander, hold that all matter, properly receivable in evidence, may be pleaded in mitigation of damages, either with or without a justification.

*Second.*  The plaintiff's counsel insists, in the second place, that the matter set up in the answer in mitigation of damages is not admissible in evidence for that purpose; that therefore it has no business upon the record, and should be stricken out; and that plaintiff's remedy to purge the record is by motion to strike out, and not by demurrer.

The way to get rid of such objectionable matter on the record is by motion, and not by demurrer.  The answer was not demurrable for two reasons :—

*First.*  Because the facts averred did not purport to be a defence, but only a mitigation of the cause of action set forth in the complaint. (Newman agt. Otto, 4 *Sand.* 668.)

*Second.*  Because a demurrer is only allowable when the answer contains new matter constituting a counter claim.  (*Code,* § 153.)

Is the matter set up in the answer in mitigation of damages admissible in evidence for that purpose?   It will be observed,

Heaton agt. Wright.

that the Code nowhere prescribes what shall constitute "mitigating circumstances," or gives any definition to those words. It simply provides that *any* mitigating circumstances may be alleged to reduce the amount of damages. Did the legislature, by section 165 of the Code, change anything more than the rule of pleading in actions of slander, or did it intend to change both the rules of pleading and evidence in such actions, and has it done so? If not, we are governed by the same rules as formerly in the admission and rejection of evidence. But if both rules are changed, then the door of defence, in actions of slander, is thrown wide open; and hereafter defendants in such actions are to be placed upon the same footing as defendants in other actions.

In my judgment, the legislature not only intended to change, but has changed both the rule of pleading and the rule of evidence in such actions, by the enactment of section 165. That section authorizes the defendant to allege in his answer *any* mitigating circumstances, and to give the same in evidence. The legislature could not have expressed their intention in more simple, clear, and effective language. "Any facts and circumstances." These words are used in their enlarged sense, and should not receive a limited construction. The word "any," means "all;" and "facts and circumstances" are to be contradistinguished from reports and rumors. I am, therefore, of the opinion that a defendant in slander may now, under an answer properly setting forth the matter in mitigation, give in evidence to reduce the amount of damages *any or all facts and circumstances* which have a legitimate tendency to disprove malice, or show that the truth of the charge was probable, or properly inferable, and even the truth of the charge itself.

" Originally all this might be done under the general issue." " The case of Smith agt. Harrison (1 *Lord Raymond's Rep.* 727) shows that such was the law at that early period; and this practice was in harmony with the general principles applicable to other cases." It is true, that under such rule plaintiffs were frequently surprised by proof of facts which they had not come prepared to meet. And the evil became so great in

the opinion of the English judges that the common pleas bench, in the case of Underwood agt. Parks, (2 *Strange*, 1200,) refused to allow a defendant, under a plea of not guilty, to prove the truth of the charge in mitigation of damages, the chief justice saying, that, " at a meeting of all the judges of the common pleas, a large majority of them had determined not to allow it for the future; but that it should be pleaded, whereby the plaintiff might be prepared to defend himself, as well as to prove the speaking of the words." " It is this little item of judicial legislation which has caused all the trouble. The embarrassment consequent upon it has been felt from that day to the present. The object of the rule was just and right; but its effect, when operating in connection with other established rules, was not foreseen. The defendant was placed in this dilemma : by the established rules of pleading, nothing short of a justification could be spread upon the record. The defendant was, therefore, prevented from pleading the absence of malice in mitigation ; and by the decision in Underwood agt. Parks he was prevented from giving it in evidence without being pleaded." See the very learned opinion of justice SEL-DEN upon this question in Follett agt. Jewett, from which the above extracts are taken.

This difficulty the Code was intended to obviate ; and I think it has done so by allowing the defendant to set up in his answer the facts and circumstances upon which he relies to mitigate the damages, so that the plaintiff may be informed of what he has to meet, and come to trial prepared to rebut or explain them ; and then permitting the defendant to prove, on the trial, such of those facts and circumstances as are legitimate for that purpose.

In the case under consideration, if the defendant can prove the acts, sayings, and doings of the plaintiff, as set up in the answer, they are facts and circumstances proper for the consideration of the jury in estimating the injury which the plaintiff has sustained by the slanderous words of the defendant. For it will hardly be contended that a female, guilty of the various lewd and improper acts alleged in the answer, is entitled to the same measure of damages for an imputation upon

her chastity, as one whose whole life has been above suspicion or reproach. But the proof must be of *facts* and *circumstances*, not of *reports* and *rumors*. The latter stand upon the same footing now as before the Code, and are not admissible (Maper agt. Weeks, 4 *Wen.* 469) except that there may be instances where reports would have a legitimate tendency to disprove malice; in which case they would be admissible.

It is no excuse to the defendant for making a slanderous charge against a party, that others have made the same charge. But to assert that *others* have made such a charge is a different matter. In an action to recover damages for the latter assertion, it would be proper for the defendant to show in mitigation, as tending to rebut the presumption of malice, that the person named *had made the charge.*

I do not intend to be understood as now deciding that all the matter set up in the second part of the answer should be received in evidence on the trial of this cause; but a part of it, if proved, will be proper for the consideration of the jury in mitigation of damages; and on the trial circumstances may arise when the whole of it can be made available by the defendant for the same purpose.

The motion to strike out must be denied.