By the Court, E. Dabwim Smith, J.
This case comes here on appeal from a judgment rendered at Special Term, upon the verdict of a jury. In such a case the court at General Term can only review the proceedings at the circuit upon questions of law. (Code, § 348.) This consideration precludes a review upon the facts or upon the ground of insufficient evidence, or of the verdict being against the weight of the evidence, when a motion upon that ground has not been made at Special Term and denied, which is the ground stated in the appellant’s first point for a new trial, made on the argument.
The next point made by the plaintiff’s counsel arises upon the exceptions taken to the ruling of the circuit judge in respect to the answer of the defendants, and the character of the defence interposed thereby, as disclosed upon the opening of the defendants’ counsel to the jury, after the plaintiff had rested his case. The counsel for the defence having opened to the jury stating, I should presume, the facts set up in the answer as matter of justification, the counsel for the plaintiff then in *405 sisted, first, that no facts or circumstances were stated in the answer by way of justification, all the facts therein contained being stated therein with a view to the mitigation of damages; secondly, that if the second and third divisions of the answer could be treated as statements by way of justification, the facts and circumstances stated in either answer did not justify in law the charges in the libel; and thirdly, that what matters are stated in the fourth division of the answer do not in law amount to anything in mitigation of damages.
. The court overruled each of said propositions or objections and the plaintiff’s counsel duly excepted to such decision.
The first of these objections relates to the form of the defendants’ answer, as a question of pleading. The answer consists of a general denial of the complaint, except the publication of the matter set forth therein charged to be libelous; the plaintiff’s character as a member of congress; and that the defendants are the publishers of a newspaper called the Buffalo Commercial Advertiser, in which such matters were published, as alleged in the complaint. The defendants, then, in two separate answers, set forth the facts which constitute their defence, by way of justification, in the customary form for such purpose, and then, in a fourth answer, commencing as an answer, in due form set forth in" substance the same facts, with averments at the close, stating facts only admissible by way of mitigation, and closed with a statement that they believed such matters, at the time of such publication, to be strictly true, and that they published the same as matter of news, and as containing a correct history of transactions of great public interest, and without any malice towards the plaintiff, and that the defendants would prove the matters therein set forth upon the trial of this action in mitigation of the damages claimed by the plaintiff therein.
On this question of form, in respect to the answer as *406 a pleading, I do not see any well founded objection to it. The second and third answers commence as a full defence in due form as answers in the cause; the fourth answer, although it commences as a full defence, concludes with averments which make it a partial defence by way of mitigation. Matters in mitigation may now be pleaded as partial defences, and they must so be pleaded to be available at the trial; and the fact that this fourth answer commences as an answer in bar in the ordinary form, cannot vitiate the same as an answer setting u]3 mitigating facts and circumstances under section 165 of the Code.
There is no ground, I think, for mistake, misconception or surprise in relation to this fourth answer. The fact that it sets up matters which tend to show the truth of the charge contained in the publication does not affect the question. A defendant now is entitled to set up such matters by way of mitigation, with the proper averments that he believed such matters to be true at the time of the publication, and made such publication without malice. (Bush v. Prosser, 1 Kern. 347. Bisbey v. Shaw, 2 id. 67. McKyring v. Bull, 16 N. Y. 297.) Every answer to a complaint must be separately stated and numbered, (see. 150 of the Code;) must be complete of itself, and must be considered as intended as a full defence to the entire action, unless it is upon its face qualified as a partial defence. Answers numbered second and third in this case are such answers. Answer number four is qualified as and states a partial defence! The second and third answers must therefore be deemed answers in justification, because they profess to be full answers to the cause of action, and it seems to me do set up matter adapted and tending to establish a justification of the libel set up in the complaint as the cause of action; which meets the second ground of objection to said answer.
The third ground of objection and exception—that *407 the matters set up in the fourth answer do not in law amount to anything in mitigation of damages—is also, for the same reason, not well taken. These objections were therefore properly overruled by the court.
The next exception, as presented in the order of the trial, is to the decision of the circuit judge, that testimony as to the general character of the plaintiff could not be received without being specially set up in the answer. This objection is based upon the assumption that the Code has altered the law upon this point. It is not doubted or questioned that testimony of this description was always received in this State, before the Code, on the trial of actions for slander, or libel, whatever may have been the character of the pleadings. (Stark. on Slander, 96, and note 1. Root v. King, 7 Cowen, 613; S. C. in error, 4 Wend. 113.)
Since the adoption of the Code the question has been raised, in some cases, at the circuit and Special Term, whether a basis for such proof must not be laid by appropriate allegations in the answer. As the point relates solely to the question of damages, and the verdict in this case is for the defendants, upon the issue, it seems to me the point is not presented in such a shape as to make it necessary for us to decide it in disposing of this application for a new trial. The ruling at the circuit was, I think, in conformity with the general practice at the circuits, since the Code. And if we should conclude that the rule is changed, and the practice ought to be otherwise upon a construction of the' general provisions of the Code relating to pleadings, yet in this case, I think, it would be hardly proper to grant a new trial upon that ground. The plaintiff had a full opportunity to meet this question at the circuit. The case was tried at Buffalo, the place of his residence, occupying three or four days of the circuit. The announcement of the circuit judge that such proof would be received, was made on Tuesday morning, as appears by the case, at *408 the opening of the court on the second day of the trial. The plaintiff, therefore, had ample notice and opportunity, in his own city, to procure witnesses to sustain his general character, and actually called six witnesses to that point; the same number were called to this point by the defendants, and the decision, if erroneous, could therefore not have been a surprise to the plaintiff, or caused him any injury. This exception should therefore be disallowed.
The remaining exceptions relate to the charge of the circuit judge, and to his refusals to charge as requested, in several particulars.
The judge was requested to charge that the justification must be as broad as the charge, and if the defendants had failed to prove it true, they were not entitled to the benefit of any evidence which might have tended to prove the truth of the justification. The judge had charged that the justification must be as broad as the charge, and it was not error to refuse to charge as requested, in respect to the residue of the request. The whole proposition had been sufficiently covered by the charge.
The judge was also asked to charge that the defendants having set up in their answers matters which they claimed as a. justification of the statements in the libel, if they failed on the trial, such matters might be regarded by the jury as an aggravation of the original wrong, or as evidence of malice, and that they might increase the damages on account of such aggravation.
This request, I think, presented the true rule of damages in such cases, and the plaintiff was entitled to have the charge made in substance as requested. The old rule was, that if the justification was not established, it aggravated damages; and judges were accustomed so to charge, distinctly, and it would have been regarded as error if a request so to charge, before the Code, had been refused. (Root v. King, 7 Cowen, 613.) But the rule is *409 now changed, and the question is properly left with the jury. When the justification fails, it may be regarded by the jury, in its discretion, as an aggravation of damages. If the slanderous charge is repeated upon the record, in the opinion of the jury wantonly and maliciously, without reasonable ground to believe its truth, it may, and I think should, be regarded by the jury as an aggravation of the original wrong.
[Fourth Department General Term, at Rochester,
September 10, 1872.
Mullin, Talcott and E. D. Smith, Justices.]
In this view, the request to charge, I think, should have been complied with. But this question and this point, under the verdict, has ceased to be of any practical consequence. The jury have found the justification established, and by their verdict for the defendants, upon the whole issue, have superseded this request, and all the residue of the requests and exceptions contained in the case relating to the question of damages. All the exceptions to the charge, and to the refusal to charge, should therefore be disaEowed, and the motion for a new trial denied, and judgment affirmed.