## SHATTUC *v.* McARTHUR and another.[1]

*(Circuit Court, E. D. Missouri. October 1, 1886.)*

1. LIBEL—MEASURE OF DAMAGES—MITIGATING CIRCUMSTANCES.
    Where a man has to appear in court as plaintiff in a libel suit to vindicate himself against a charge reflecting on his personal or official character, he is only entitled, if there are mitigating circumstances, and not express malice, to such damages as will compensate him and make him whole.

2. SAME—EXPENSES—INJURY TO FEELINGS.
    In such cases the plaintiff's expenses, and the outrage to his feelings, may be considered.

3. SAME—MITIGATING CIRCUMSTANCES.
    The fact that the publication, though false, was an honest effort to repel an accusation made by the plaintiff against the defendant, is a mitigating circumstance.[2]

4. SAME—EXEMPLARY DAMAGES.
    Where a libelous publication is made through spite, personal ill will, or malice, exemplary damages may be allowed as a warning, and as a punishment for the offense.[2]

5. SAME—PROVINCE OF JURY.
    It is the exclusive province of the jury to determine the amount of exemplary damages which should be allowed.

---

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

[2] Provocation goes in mitigation of damages. Warner v. Lockerby, (Minn.) 18 N. W. Rep. 821; Id. 145.

In the absence of actual malice, punitive damages should not be allowed. Neeb v. Hope, (Pa.) 2 Atl. Rep. 568; Templeton v. Graves, (Wis.) 17 N. W. Rep. 672. They are not given for implied malice. Eviston v. Cramer, (Wis.) 15 N. W. Rep. 760; S. C. 11 N. W. Rep. 556.

See, also, note to Shattuc v. McArthur, 25 Fed. Rep. 133.

6. SAME—STATEMENT HELD LIBELOUS.

The statement that S., the general passenger agent of a railroad company, "has grown rich by making his local ticket agents, or some of them, divide their commissions with him," is libelous.

At Law. Action for libel. See S. C. 25 Fed. Rep. 133.

The petition states that on or about the sixteenth day of May, 1885, the defendants published in a newspaper called the "Railway Register," at the city of St. Louis, in the state of Missouri, the following libelous words concerning the plaintiff, and of and concerning him in his capacity and occupation of general passenger agent of the Ohio & Mississippi Railway Company, viz.: "Mr. Shattuc [meaning plaintiff] has grown rich by making his local ticket agents, [meaning the local ticket agents of the Ohio & Mississippi Railway Company,] or some of them, divide their commissions with him, [meaning plaintiff;]" thereby meaning that plaintiff had improperly used his position as general passenger agent, as aforesaid, to force the ticket agents under him to divide with him the commissions received for the sale of railway tickets made by them as agents, under the plaintiff, of the Ohio & Mississippi Railway Company.

The defendant's answer admits the publication, but states that the commissions referred to were those received by said agents for the sale of railroad tickets over other lines of road, and that the publication complained of was made of and concerning the plaintiff, in his official capacity, as an officer of a *quasi* public corporation, and was made without malice, and upon reasonable cause, and was provoked by a statement published by the plaintiff to the effect that the defendant, McArthur, was a "parasite" and a "blackguard," and "had an itching palm," and by statements that he was a "blackmailer."

*Krum & Jonas* and *Garland Pollard*, for plaintiff.

*Dyer, Lee & Ellis*, for defendants.

TREAT, J., (*charging jury orally.*) Under the pleadings in the case, and the admissions of counsel, your duty is to consider a very limited line of inquiry. It is admitted that the defendants published the alleged libelous matter concerning the plaintiff, which was read to you from the paper of the date, I think, of May 16th. That, in the eye of the law, was a libelous publication.

The defendants do not attempt, in the language of the law, to justify that publication on the ground that it was true, but admit that it was false. Under the allegations of the pleadings they knew it was false. Consequently your verdict must be for the plaintiff. For what sum? is the inquiry. Ordinarily, in suits for libel, where a man has to appear in court to vindicate himself against a charge reflecting on his personal or official character, the jury will give him such compensation (if there are mitigating circumstances) as will make him whole with regard to the expenses and outraged feelings suffered by him

for the false imputation resting upon him, and no more. But if the publication was made through spite, personal ill will, malice "express" in the language of the law, then the jury are justified in awarding "exemplary damages,"—sometimes called, also, "punitive damages" or "smart money." The object of the law in that particular is that one shall not falsely, and through malice, stab the reputation of his fellow-citizen, and escape merely because it so happens that the gentleman whose reputation was thus thrust at does not in dollars and cents suffer any injury which you can compute arithmetically. The object of the law, as the term itself implies, "exemplary" or "punitive" damages, is to inflict upon the libeler such a punishment in dollars and cents as will serve as a warning, and also as a punishment for such an offense.

Now, it is for you, and it belongs solely to you, to consider whether this was a publication made (it being admittedly false) through mere personal ill-will, spite, or express malice. If so, you, as 12 gentlemen familiar with the ordinary affairs connected with the rights of property, and the rights of person and personal reputation, must determine what you think would be just and proper, under the circumstances, in the nature of exemplary damages.

If, however, you reach the conclusion from the course of correspondence between these parties and their respective connections, one towards the other, that there was nothing but an honest effort to repel accusations made against the defendants themselves by the other party, then you will allow only what has been defined as compensatory damages.

There remains, then, to sum up, this inquiry: *First*, were these defendants actuated by malice or spite or ill-will growing out of this controversy in publishing this libelous matter against the plaintiff? If so, you will award exemplary or punitive damages. If, on the other hand, you think that these parties, having engaged in a bitter controversy between themselves, did say these very improper things one against the other, it is for you to determine what will be a fair measure of compensation, taking into consideration the outraged feelings of the plaintiff, and the matters connected with the transaction,—what, in your judgment, would fairly compensate him for the wrong done, whereby he was compelled to appear in the tribunals of his country to vindicate his character against such aspersions.