(100 N. W. 717.)

---

## ALBERT WREGE v. JOHN R. JONES.

Opinion filed July 5, 1904.

**One Slander Cannot Be Pleaded as a Counterclaim Against Another.**

1. Subdivision 1 of section 5274, Rev. Codes 1899, which permits a defendant to plead as a counterclaim "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim," does not authorize one slander to be set up against another, although both are uttered at the same time and place, and in the same conversation. Each slander constitutes a separate transaction, within the meaning of the above section.

**Under Section 5289 Rev. Codes 1899, Both Justification and Mitigation May Be Pleaded.**

2. Under our statute (section 5289, Rev. Codes 1899), a defendant in an action for slander or libel may answer by way of justification and mitigation—either or both—and may plead mitigating circumstances in connection with a general denial.

**Where the Words Spoken Are Slanderous Per Se, Malice Is Conclusively Presumed.**

3. Where words are spoken which are slanderous per se, malice is conclusively presumed, for the purpose of recovering actual damages. The malice which by legal fiction is thus presumed to exist is malice in law, or legal malice, as distinguished from malice in fact, or actual malice.

**Punitive Damages Dependent Upon Actual Malice — Defendant May Testify as to Intent or Motive.**

4. In an action for libel or slander, the right to recover punitory damages depends upon the presence of actual malice; and, where such damages are claimed, the presence or absence of actual malice, and its degree, is a vital and material question. In such cases the defendant may, under a sufficient answer, testify directly to his intent or motive, and also as to facts and circumstances which were within his knowledge and relied upon by him which tend to character-

ize his motive. In this case the defendant, under a plea in mitigation, offered evidence as to his motive in speaking the slanderous words which he is charged with uttering, and also as to the facts and circumstances which prompted their utterance. *Held,* that the exclusion of this evidence was prejudicial error.

Appeal from District Court, Richland county; *Cowan,* J.

Action by Albert Wrege against John R. Jones. Judgment for plaintiff. Defendant appeals.

Reversed.

*McCumber, Forbes & Jones,* for appellant.

One tort may be set up as a counter-claim against another where they both arise out of the same transaction. Pelton v. Powell, 71 N. W. 887; Barholt v. Wright, 12 N. E. 185; Gutzman v. Clancy, 90 N. W. 1081; Wallace v. Homestead Co. et al., 90 N. W. 835; Maxwell on Code Pleadings, chapter 12, p. 544; 22 Am. & Eng. Enc. Law, 359.

The counter-claim arose "out of the transaction set forth in the complaint" and was "connected with the subject of the action;" and plaintiff was insolvent, so the demurrer was improperly sustained. Braithwaite v. Akin, 3 N. D. 365, 56 N. W. 133; Brady v. Brennan, 25 Minn. 210; Lahr v. Kraemer, 97 N. W. 418; Jourdain v. Luchsinger, 97 N. W. 740; Doysher v. Adams, 29 S. W. 348.

If conversation did not as a whole constitute a slander, plaintiff has no cause of action. Kidd v. Ward, 59 N. W. 279.

If words charging one with being a thief or of lack of chastity were not intended by defendant nor understood by the hearers to so impute defendant would not be liable. Egen v. Semrad, 88 N. W. 906; Emmerson v. Miller, 88 N. W. 803; Berry v. Massey, 3 N. E. 942; McCarty v. Barrett, 12 Minn. 398.

In an action for slander in charging plaintiff with stealing a horse, defendant could prove that certain persons had told him that plaintiff had stolen a horse. Hudson v. Dale, 19 Mich. 16. Under the general issue, defendant may show in mitigation of damages that previous to the publication of the slanderous words by himself, similar reports were in circulation and communicated to the defendant. Hewitt v. Pioneer Press Co., 23 Minn. 178; Farr v. Rasco, 9 Mich. 353; Marks v. Baker, 9 N. W. 678; Allen v. Crofoot, 2 Wend. 515; Dell v. McBride, 95 N. W. 717.

It was error not to permit defendant to prove that in a previous conversation between him and the plaintiff on the same day, that

plaintiff had slandered defendant by calling him a thief, and otherwise. Warner v. Lockerby, 31 Minn. 421, 18 N. W. 145, 821; Jauch v. Jauch, 50 Ind. 135.

The witness should have been permitted to testify as to the meaning he placed upon the slanderous words. Nedever v. Hall, 7 Pac. 136.

Defendant may show in mitigation of damages that he was not actuated by any ill will or malice toward the plaintiff and did not intend any injury or damages. Plank v. Grimm, 22 N. W. 470; Kerrains v. People, 60 N. Y. 221; Krippner v. Biebl, 28 Minn. 139, 9 N. W. 671; Williams et al. v. Fuller, 94 N. W. 118.

Intent may be proved like any other fact, and a witness may be asked with what intent he did an act. Seymour v. Wilson, 14 N. Y. 567; Griffin v. Marquardt, 21 N. Y. 121; State v. Crawford, 71 Pac. 1030. Intention is a question of fact for the jury. St. Martin v. Desnoyer, 1 Minn. 131; Townsend on Slander & Libel, section 91; Marks v. Baker, 9 N. W. 678; see Wilson v. Noonan, 35 Wis. 321; Smith v. Higgins, 82 Mass. 251; Kansas v. Carlisle, 108 Fed. 344.

When so requested the court should always charge the jury as to the burden of proof. 5 Am. & Eng. Enc. Law, 23; Finley v. Widner, 70 N. W. 433; 1 Jones on Evidence, section 176. Abusive language by plaintiff toward defendant is admissable in mitigation of damages. Warner v. Lockerby, 18 N. W. 145; Jauch v. Jauch, 50 Ind. 135.

*D. A. Dwyer* and *Chas. E. Wolfe,* for respondent.

One libel or slander cannot be set off against another. 13 Enc. Pl. & Pr. 89; Townsend on Slander and Libel (3d Ed.) section 362; sections 5274, 5288 and 5289, Rev. Codes; Brathwaite v. Aiken, 3 N. D. 365, 56, N. W. 133; 22 Am. & Eng. Enc. Law, 239, 245, 267; 13 Am. & Eng. Enc. Law, 477; Bishop on Noncontract Law, p. 123, section 292; Allen v. City of Davenport, 87 N. W. 743; Golberg v. Dobbertine, 28 L. R. A. 721.

Five hundred dollars damages are not excessive. McMinemee v. Smith, 93 N. W. 75; Bowe et al. v. Rogers et al., 7 N. W. 547; Stumer v. Pichman, 15 N. E. 757; Upham v. Dickenson, 50 Ill. 97; Miller v. Johnson, 79 Ill. 59; Douglass v. Tousey, 2 Wend. 352.

Where the words are actionable per se, and impute the commission of a crime, the intention with which they were uttered is

immaterial. 13 Enc. Pl. & Pr. 256; Hinchman v. Knight, 94
N. W. 1; Whiting v. Carpenter, 93 N. W. 926; Bigelow Odgers on
Libel and Slander, Am. Ed. 5; 3 Sutherland on Damages, 650;
Hamlin v. Fautl, 95 N. W. 955; Kacker v. Heiney, 87 N. W. 249.

YOUNG, C. J. This is an action for slander. The plaintiff re-
covered a verdict in the sum of $500. The defendant has appealed
from the order denying his motion for new trial, and also from the
judgment.

The complaint alleges that on October 3, 1902, the defendant,
in the village of Hankinson, in Richland county, in the presence of
divers persons, four of whom are named, falsely and maliciously
spoke and published of and concerning the plaintiff the following
false, malicious, and defamatory words: " 'You stole my wheat'
(meaning thereby that this plaintiff stole wheat owned by defend-
and). 'Mr. Albert Wrege stole my wheat. I will have you both
arrested' (meaning thereby that the defendant would have this
plaintiff and his brother arrested for the alleged offense)." The
answer interposed by the defendant consisted of (1) a general denial;
(2) mitigating circumstances; and (3) a counter-claim. The trial
court held upon demurrer that the cause of action set up as a counter-
claim did not arise out of the transaction which is the foundation
of plaintiff's claim, and was not, therefore, allowable. The case
was tried upon the remaining issues, with the result above stated.

The first error assigned is the ruling upon the demurrer. The
answer alleged, by way of counterclaim, "that on said October
3, 1902, and at the same time and at the same place, and as a part
of the same conversation and transaction mentioned and referred
to in the complaint, and in the presence of the same
persons who are named and mentioned therein, the said
plaintiff falsely and maliciously spoke the following false,
slanderous, and defamatory words of, about and concern-
ing the plaintiff, to wit: 'Jones, you are a damned robber.' "
Damages were prayed for in the sum of $3,000. Counsel for de-
fendant urge that "the cause of action set up in the complaint and the
cause of action contained in the counterclaim arose out of one and
the same transaction," and that for this reason the counterclaim
is within section 5274, subd. 1, Rev. Codes 1899, which authorizes
one to plead as a counterclaim "a cause of action arising out of the
contract or transaction set forth in the complaint as the foundation
of the plaintiff's claim, or connected with the subject of the action."

We cannot agree that the transaction out of which defendant's cause of action arose is the "transaction set forth in the complaint as the foundation of the plaintiff"s claim," and are therefore of opinion that the demurrer was properly sustained. The statute just referred to is common to a number of states. Thus far the courts have not arrived at a definition of the term "transaction," as used therein, which is wholly satisfactory. It is quite generally agreed, however, that it is broader in meaning than the word contract," and includes torts; otherwise it would not have been employed. Probably the definition given in Pomeroy on Code Remedies, section 774, is the most accurate and comprehensive, i. e., "that combination of acts and events, circumstances and defaults, which, viewed in one aspect, results in the plaintiff's right of action, and, viewed in another aspect, results in the defendant's right of action." The fact that two transactions originate at the same time and place, and between the same parties, is not the test. The question in such cases is, "Did each cause of action accrue or arise out of the same transaction—the same thing done?" Anderson v. Hill, 53 Barb. 239. It is clear in this case that they did not. The act set forth in the complaint as the foundation of plaintiff's claim, and which gave rise to his cause of action, was the speaking by defendant of the defamatory words charged in the complaint. The act which gave rise to the defendant's cause of action was the speaking by plaintiff of the defamatory words charged in the counterclaim. Each act was complete in itself—a separate tort—and constituted a transaction, within the meaning of the above section. It cannot be said that the utterance of the slanderous words by the defendant resulted in a cause of action in his favor for the plaintiff's tort. The latter arose from a wholly distinct act, namely, plaintiff's utterance of the slanderous words. There was no single transaction, which, "viewed in one aspect," gave plaintiff's right of action, and, in another aspect, defendant's right of action. The transactions were separate. Our conclusion that one slander cannot be set up as a counterclaim against another slander is in harmony with the views of the courts of New York under the same statute (Sheehan v. Pierce, 70 Hun, 22, 23 N. Y. Supp. 1119; Fellerman v. Dolan, 7 Abb. Prac. 395), and, by parity of reasoning, is supported by the following cases: Schnaderbeck v. Worth, 8 Abb. Prac. 37; Barhyte v. Hughes, 33 Barb. 320; Macdougall v. Maguire, 35 Cal. 274, 95 Am. Dec. 98; Anderson v. Hill, 53 Barb. 238; L. S. & M. S. Ry.

Co. .v. Van Auken, 1 Ind. App. 492, 27 N. E. 119; Terre Haute, etc., Co. v. Pierce, 95 Ind. 496; Keller v. B. F. G. Co., 117 Ind. 556, 19 N. E. 196, 10 Am. St. Rep. 88; Shelly v. Vanarsdoll, 23 Ind. 543; Lovejoy v. Bobinson, 8 Ind. 399; Ward v. Blackwood, 48 Ark. 396, 3 S. W. 624.

We are agreed, however, that the motion for new trial should have been granted. A large number of errors were specified as grounds of the motion; some relating to the admission of testimony, and others to the instructions. We find it necessary to consider only the assignments directed to the rejection of testimony offered by the defendant under his plea of mitigating circumstances. The defendant alleged, in substance, that he was the owner of the wheat referred to in the alleged slanderous charge; that he had employed the plaintiff to harvest and thresh it, and to deliver it to the elevator in the defendant's name; that the plaintiff sold about 300 bushels of it, and appropriated the proceeds to his own use—and averred that what the defendant said was in reference to this wheat; that he did accuse the plaintiff of taking said wheat, "and then and there said to the plaintiff, in substance, that said plaintiff had taken and sold said wheat; * * * that, except as herein stated, the defendant neither said nor spoke anything to or about said plaintiff; that all that was at that time said or spoken by this defendant was true and was said or spoken without malice or intent to in any way wrong or injure the plaintiff." Upon objection of plaintiff's counsel, the trial court excluded the evidence offered by the defendant (1) in support of his allegation of ownership of the wheat which was referred to in the conversation in which plaintiff claims the slander was published; and (2) in support of his allegation "that what was said or spoken was without malice, or intent to in any way wrong or injure the plaintiff." This was prejudicial error. The plaintiff alleged in his complaint that the defendant had maliciously accused him of stealing his wheat; that is, of committing the crime of larceny. The defendant, although denying that he had spoken the slanderous words, alleged that whatever he said was without malice or intent to injure or wrong the plaintiff, and that it was said and spoken in reference to certain wheat which was in plaintiff's possession, but owned by the defendant, and which the plaintiff had in fact sold and appropriated. The answer does not state that the purpose of these allegations was to mitigate damages, or that they were offered as a plea in mitigation. In this respect the

answer is open to criticism. Bennett v. Mathews, 64 Barb. 410. Perhaps in other respects it cannot be approved as a model of pleading. See Hatfield v. Lasher, 17 Hun, 23; Willover v. Hill, 72 N. Y. 36; Dolevin v. Wilder, 34 How. Prac. 488. But no attack was made upon its sufficiency, and the record shows that it was treated both by court and counsel as a plea in mitigation. Under our statute, a defendant in an action for slander or libel may answer by way of justification and mitigation—either or both—or may plead mitigating circumstances in connection with a general denial, as was done in this case. Section 5289, Rev. Codes 1899, which was adopted in this jurisdiction from the Code of Civil Procedure of New York reads as follows: "In the actions mentioned in the last section [libel and slander], the defendant may in his answer allege both the truth of the matter charged as defamatory and any mitigating circumstances to reduce the amount of damages; and whether he proves the justification or not, he may give in evidence the mitigating circumstances." The following authorities may be cited in support of the construction which we have given to this section: Bush v. Prosser, 11 N. Y. 347; Bennett v. Mathews, 64 Barb. 410; Van Benschoten v. Yaple, 13 How. Prac. 97; Heaton v. Wright, 10 How. Prac. 79; Dolevin v. Wilder, 34 How. Prac. 488; Warner v. Lockerby, 31 Minn. 421, 18 N. W. 145, 821; Coe. v. Griggs, 76 Mo. 619; Bliss on Code Pl. section 360 et seq.; 13 Enc. Pl. & Pr. 90, and cases cited. The contention of plaintiff's counsel—and it was adopted by the trial court—is that where the words of a slander or libel are unambiguous, accusing the plaintiff of the commision of a crime, and therefore actionable per se, as they were in this case, and are not justified or excused, "malice is conclusively presumed." And in this connection it is urged that "the issue raised by the general denial having been met and overcome by the plaintiff, i. e. proof being adduced of the speaking of the words charging him with being guilty of the crime of larceny, the law immediately raised three conclusive presumptions: (1) That the words were false; (2) that they were spoken maliciously; (3) that damages resulted to the plaintiff therefrom. There being no issue raised by the pleadings as to either justification or legal excuse, all the evidence offered by the defendant was incompetent, so far as the question of malice was concerned." The foregoing may be accepted as a correct general statement of the presumptions which follow proof of the publication of words action-

Sup. Ct.—18

able per se which are not justified or excused. But the conclusion that, because in such cases it is said that malice is conclusively presumed, evidence upon the question of actual malice (that is, as to the motive or intent with which the publication was made) is incompetent, when offered under a sufficient answer, is entirely erroneous. The malice which by legal fiction is thus presumed to exist is known as "legal malice," as distinguished from actual or express malice, or malice in fact. King v. Root, 4 Wend. 114, 21 Am. Dec. 102; King v. Patterson (N. J. Err. & App.) 9 Atl. 705, 60 Am. Rep. 622. In many cases there may be no malice at all, and no intent to injure, or, at most, thoughtlessness or negligence. It is well settled that in such cases the absence of actual malice will not defeat the action, and the party injured may recover his actual damages. In other words, the absence of malice is never a complete defense. But where actual malice is charged in the complaint, and more than compensatory damages are claimed for the injury—and that is this case—the actual motive or intent with which the publication was made becomes an important, and indeed a vital fact, from which to determine the amount of damages to be awarded. The sole purpose of pleading and proving circumstances in mitigation is to place the jury in a position to determine whether the publication was with or without malice in fact, and, if with malice, its degree and character. This distinction is well stated in Bennett v. Smith, 23 Hun, 50: "In libel and slander the damages may embrace two items, namely, compensatory and punitive. The law implies damage from the injury done. If the defendant lacks a legal excuse for his libel of the plaintiff, the law presumes malice, and the defendant ought to respond to the full extent of the actual injury done the plaintiff; that is, compensatory damages should be given. But if, in addition to this malice which the law presumes, and which may be merely constructive and passive in fact, the jury should find that the defendant was actuated by active and vindictive malice, then they may give, in addition to the actual damages, punitive damages. These are not given as the actual due of the plaintiff, but awarded him, that the defendant may be punished, and a wholesome example afforded. It is true that in practice the jury do not distinguish between the damages that are compensatory and those that are punitive. No standard exists whereby to measure in money the equivalent for injured character, and hence the unjustified defendant is always in danger of being

mulcted in punitive damages.  To avoid this, he is permitted to plead and prove matters in mitigation of damages.  The strictly compensatory damages ought not to be mitigated, else the defendant might cast the consequences of his wrong upon the plaintiff. But the strictly punitory damages may be mitigated.  These depend upon the malice of the defendant, and malice depends upon the motive with which the libel was published.  If the motive was good, the malice for which the defendant must respond may be existent by operation of law, merely, and not by force of evil passions moving the defendant to wish and to do the plaintiff a wrong.  The law, it must be borne in mind, presumes the existence, not the character, of the defendant's malice.  That character, therefore, becomes a material fact in the case, and hence the defendant's motive or intent equally material."  In the case just referred to, the defendant was charged with writing and publishing a libelous article.  With a view to showing that he wrote the article with good motives, and in a belief of its truth, the defendant was asked this question by his counsel: "Why did you write it?"  The trial court sustained an objection, and excluded the evidence.  This was held to be error. The court said: "The question, 'Why did you write it?' called for the defendant's intent or motive.  The defendant had the right to answer the question."  Citing in support of its conclusion Seymour v. Wilson, 14 N. Y. 567; Dutchess County, etc., Co. v. Hachfield, 73 N. Y. 226; Kerrains v. People, 60 N. Y. 221, 19 Am. Rep: 158; Cortland County v. Herkimer County, 44 N. Y. 22; Fielder v. Darrin, 50 N. Y. 437; McKown v. Hunter, 30 N. Y. 625.  To which we may add Marks v. Baker, 28 Minn. 162, 9 N. W. 678; Smith v. Higgins, 16 Gray, 251; Berkey v. Judd, 22 Minn. 287.  Indeed, it is well settled that, when intent is material to a fact in issue, a party may testify to it directly.  Pope v. Hart, 35 Barb. 630; Thurston v. Cornell, 38 N. Y. 281; and cases above cited.  So, also, for the purpose of enabling the jury to determine the character of the motive with which a defamatory publication is made, the defendant is permitted to allege and prove facts and circumstances known to and relied upon by him tending to show the absence of actual malice.  Such facts are admitted to show that he did not act wantonly or rashly, and that he had probable cause for what he did or said and to rebut the inference of actual malice which might otherwise arise if the circumstances were not explained.  For illustrative cases, see Mayo v. Sample, 18 Iowa, 306; Wetherbee

v. Marsh, 20 N. H. 565; 51 Am. Dec. 244; Shattuc v. McArthur (C. C.) 29 Fed. 136; Kidd v. Ward, 91 Iowa, 371, 59 N. W. 279; Hewitt v. Pioneer Press Co., 23 Minn. 178, 23 Am. Rep. 680; Willover v. Hill, 72 N. Y. 36; Weed v. Bibbins, 32 Barb. 315; Davis v. Griffith, 4 Gill & J. 342; Botelar v. Bell, 1 Md. 173. The evidence offered by the defendant under his plea in mitigation, and excluded by the trial court, included, among others, the following questions put to him by his counsel: "Did you say what you said at the time out of any malice upon your part toward the plaintiff?" "What, Mr. Jones, led you to say what you did say to the plaintiff concerning the taking of the wheat?" In addition, all evidence offered by the defendant to show the facts and circumstances which were within his knowledge when he spoke the slanderous words, relating to his ownership of the wheat, and its possession and appropriation by the plaintiff, was excluded. This was error of a highly prejudicial character. As we have already seen, the defendant had a right to testify directly to his intent and motive; and he also had a right to inform the jury as to the facts and circumstances which were pleaded, and were known to him when he uttered the slander. This evidence was of the highest importance. "In such cases it is often important that the jury should have some information of the transaction to which the words refer, in order to understand correctly their true import and meaning, and the design with which they were spoken. The defendant may, through ignorance or excitement, misapprehend the plaintiff's conduct, or use inappropriate language and epithets in the expression of his indignation or resentment; and yet that conduct may have been wholly unwarranted, or extremely injurious or provoking. The aggravation of a fraud or a trespass into a felony, whether from ignorance or exasperation, surely stands upon a different footing, in regard to the quantum of damages, from a sheer fabrication. Thus, if a party should obtain the money of another by a fraudulent contrivance or dishonest breach of trust, or his property by open violence under a false claim of title, and the party injured. in speaking of the transaction, should designate it, in the former case as a theft, or in the latter as a robbery, a recovery of heavy damages in an action of slander would not be so much for actual defamation as for inaccurate phraseology. And if a plaintiff without moral guilt, but to disport himself with the fears or feelings of the defendant, has mislead or provoked him to the use of defamatory words, this

should be made known to the jury; otherwise the plaintiff, to a greater or less extent, would recover damages for his own misbehavior." Bourland v. Eidson, 8 Grat. 27. In this case punitory damages were claimed by the plaintiff. The jury was instructed that punitory damages might be awarded, and they were awarded in the verdict returned. Actual malice thus became a material and vital issue, and the defendant should have been permitted to offer evidence upon it under his plea in mitigation of damages.

The remaining assignments need not be referred to. Those already considered are fatal. The district court is directed to vacate the order and judgment appealed from, and to enter an order granting a new trial. All concur.