This is an appeal from an order of the district court overruling a demurrer to an amended counterclaim. The complaint alleged that on or about the 22nd day of November, 1925, while the plaintiff was driving in a westerly direction out of Jamestown, on the right-hand side of the center of a certain highway at a reasonable rate of speed, the defendant approached the plaintiff from the west, driving his automobile on his left-hand side of the highway in a negligent, careless and improper manner and at a reckless rate of speed, exceeding forty miles per hour. It is alleged that the defendant negligently *Page 828 
drove his car against that of the plaintiff and wrecked the same, causing the damage complained of. The defendant answered, alleging that at the same time and place the plaintiff negligently ran his automobile on the wrong side of the highway and thus caused the injury to the defendant's car. The amended answer and bill of particulars filed by the defendant charged that at the same time and place as alleged in the complaint and while the defendant was driving in the usual and customary manner on his right-hand side of the center of the highway at a reasonable rate of speed, the plaintiff approached the defendant from an easterly direction, driving on his left-hand side of the road in a careless and negligent manner and at a reckless rate of speed in excess of forty miles per hour, and negligently drove his car against that of the defendant, inflicting the damages sought to be counterclaimed.
On this appeal the plaintiff and appellant contends that the demurrer to the counterclaim should have been sustained because it attempts to set out facts occurring at a different place and necessarily at a different time than those set out in the complaint; that the facts alleged do not form a part of the same transaction as the cause embraced in the complaint; and that a cause of action in tort may not be counterclaimed against another cause in tort.
In support of the first two contentions the counterclaim is analyzed in an effort to demonstrate that, while the defendant alleges that at the same time and place alleged in the complaint the damages complained of by him were caused by the plaintiff's negligence, he further describes more particularly the circumstances, charging the collision to have taken place upon the opposite side of the highway. From this it is urged that the tort, if any were committed by the plaintiff, was at a different place from that charged in the complaint against the defendant. However, we are of the opinion that this minute analysis of the pleadings should not control since it is apparent that both the complaint and the answer allege, from the viewpoint of the respective parties, the facts surrounding the one collision. It is clear, we think, that each claims that the other was at fault and caused the one collision.
This, in our opinion, being the reasonable construction of the pleadings, there is but one question presented for consideration on this *Page 829 
appeal, namely, Does the counterclaim arise out of the transaction set forth in the complaint, or is the cause one which is connected with the subject of the action? If either of these questions be answered in the affirmative, the counterclaim is specifically authorized by § 7449 of the Compiled Laws of 1913. The statute authorizes a counterclaim to be interposed when it states "1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." It has been held that this statute ought to be liberally construed to the end that all controversies coming fairly within its terms may be settled in a single action between the parties. Wait v. Wheeler W. Mfg. Co. 23 Or. 297, 31 P. 661. It is said by a recognized authority, Sutherland, Code Pl. Pr. § 635, "There is no reason why a cause of action in tort or upon contract may not be counterclaimed in a suit either upon tort or contract, if both causes of action arise out of the same transaction, or are connected with the subject of the action. . . . Of course, distinct torts cannot be the subject of counterclaim [Braithwaite v. Akin, 3 N.D. 365, 56 N.W. 133; Wrege v. Jones, 13 N.D. 267, 112 Am. St. Rep. 679, 100 N.W. 705, 3 Ann. Cas. 482]; but cases may and do arise where a counterclaim for tort is proper in an action for tort, upon the ground that it arises out of the same transaction upon which the plaintiff's claim is based. In an action for an assault the defendant may plead as a counterclaim that the assault alleged was in fact upon him by the plaintiff, instead of upon the plaintiff by him; in such case the transaction which is the basis of each claim is necessarily the same. . . ."
The view that a tort may not be considered a transaction within the meaning of the statute derives its force largely from a more or less popular definition of the term in question which regards it as embracing only business affairs where the element of intent or contractual purpose, express or implied, is present. However, as has previously been remarked by this court (Hanson v. Skogman,14 N.D. 445, 105 N.W. 90), the term "transaction" is broader than contract. In such a statute as the one in question, we believe the term should be given its broadest legal signification. As such, according to the New Standard Dictionary, it means "any act as affecting legal rights or obligations." As so defined, it properly embraces an entire occurrence *Page 830 
out of which a legal right springs or upon which a legal obligation is predicated. For authorities supporting this broader definition of the term as employed in the Code of Civil Procedure in relation to counterclaims, see volume 4 of Words Phrases, 2d series, pp. 971, 972, 973.
The wording of the statute alone argues strongly against the narrower definition of the term, as this definition would practically preclude a counterclaim based upon tort. The second subdivision of the section is concerned with counterclaims in an action arising on contract. It is thus apparent that the legislature had in mind in the preceding paragraph counterclaims not arising on contract, yet it used no term in referring to them which would clearly exclude causes in tort. In view of the evident purpose of the statute, we are of the opinion that the term "transaction" embraces any occurrence out of which the plaintiff's alleged cause has arisen and that a counterclaim may be interposed based on the same occurrence alleging the facts according to the defendant's version, with the resulting violation of his rights and the damages sustained.
Order affirmed.
CHRISTIANSON, Ch. J., and BURKE, NUESSLE, and BURR, JJ., concur.