## A. E. KIDD, Appellant, v. W. P. WARD.

91  371⟧
e124  526⟧

**Slander: Evidence.** The whole conversation and the facts leading up to it, are admissible.

SAME: UNDERSTANDING OF HEARERS. Where plaintiff had been removed as manager of a corporation, called upon the board for an explanation and then called defendant, one director, a thief, and said defendant retorted by calling plaintiff a thief, the whole wrangle relating to mismanagement of plaintiff while manager, a finding that the hearers understood the words used by defendant to refer to such misconduct as manager and not in their ordinary sense, will not be disturbed.

**Hearing Part of Conversation.** Though a witness hears nothing but the slanderous words, and fails to hear the talk explanatory of them, a person who utters such words and does not intend them in their ordinary defamatory sense, is not liable, if the whole talk, had it been heard, would not have conveyed the idea that plaintiff was accused of a crime.

**Special Damages** are not recoverable where nominal ones are not.

**Bribing Jury Drawer: Admission.** The fact that plaintiff tried to bribe the sheriff to draw certain jurors is admissible as tending to show that plaintiff's cause is unjust.

*Appeal from Dickinson District Court.*—HON. GEORGE H. CARR, Judge.

THURSDAY, MAY 24, 1894.

ACTION for slander. Trial by jury. Verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

*Soper, Allen & Morling* for appellant.

*Cory & Bemis, Parker & Richardson,* and *W. W. Cornwall* for appellee.

ROTHROCK, J.—I. The petition is in two counts: In the first count the defendant is charged with slandering the plaintiff, by saying to him, in the presence of others, "You (meaning plaintiff) are a thief and a robber, and I can prove it," and that the language was used in the general office of the American Pill & Medicine Company, at a meeting of the officers and stockholders of said company. The second count of the petition charges the speaking of the same words on the public stairway leading from said general office to the street below, while the plaintiff and the defendant and others were on their way from said meeting. The answer was a general denial, and a defense to the effect that the words were not spoken in a slanderous sense, and were not so understood by the persons in

hearing, and that the words, as used, were true, in the sense in which they were spoken. A partial defense, founded on mitigating circumstances, was also pleaded, but was withdrawn from the jury because the plaintiff, during the trial, withdrew from his petition all allegations of malice, and all claim for exemplary damages; and the jury were instructed that no evidence was received in support of the defense, founded on mitigating circumstances. The plaintiff, however, pleaded that he was entitled to recover certain special damages, which he alleged had accrued to him from the loss of employment in a business capacity by reason of the alleged slander. It will be observed that when the case was submitted to the jury the question to be determined was whether the plaintiff was entitled to any damages by reason of the mere speaking of the words, and, if so, whether he was entitled to recover the special damages alleged. Part of the argument of counsel for appellant is founded on errors assigned in reference to the claim for special damages. We think this feature of the case demands no consideration, for the reason, that the jury, as we believe, were fully authorized, from the evidence, in finding that the plaintiff was not entitled to even nominal damages. If this finding was correct, there was nothing in the case, as made, which would support a verdict for special damages for loss of employment.

II. We may properly say here that this is nothing but a plain case of slander, to recover for words spoken. We have stated the issues in a brief—but, we think, in a plain and concise—manner, to the end that we may, as briefly as may be, dispose of the material questions in the case. The appeal is presented on a very voluminous record. A motion was filed to strike out parts of the answer. This motion was upon twenty-two grounds. It was overruled, and there was no error in the ruling. After this ruling, a demurrer to the an-

swer was filed and overruled. This ruling was correct. The motion and demurrer were mainly directed to that part of the answer which pleaded in mitigation, and the facts and circumstances surrounding the parties at the time of the speaking of the words, in the light of which, it was claimed, they were not slanderous. We need not cite authority to sustain the principle that such pleading is always allowable. It may have been one of the ancient doctrines of the law of slander that an action may be founded upon a mere assertion of actionable words. But the modern doctrine is that the whole conversation, and the facts leading up thereto, may be pleaded and proven, to show what was intended by the party charged, and understood by the hearers.

III. It is necessary to make a further statement of facts. It appears that the plaintiff was the promoter and organizer of a corporation at Spencer, in Clay county, known by the name of American Pill & Medicine Company. He induced the defendant and others, residents of that place, to take stock in the company. The plaintiff was the general manager of the corporation, and the defendant was its vice-president. The pill company was not a successful business enterprise. It lost money. The plaintiff was thought by the officers and stockholders to be chargeable with mismanagement, and at a meeting of the board of directors the plaintiff was removed from the office or position of general manager. After his discharge, another meeting was had, and the plaintiff demanded an explanation of the reason why he was removed. Thereupon, there was a general wrangle, and charges and countercharges of dishonesty were made, and in the course of the dispute, the alleged slanderous words were spoken by the defendant. The war of words continued, and the defendant repeated the charge on the way down the stairs. Now, it was perfectly competent for the defend-

ant to show that all this crimination and recrimination had reference to, and was understood by the hearers, not as charging plaintiff with being a thief and robber, in the ordinary sense of a man of the road, or a sneak thief, but that he had mismanaged the affairs of the corporation, and used its property and money for his own advantage. The preponderance of the evidence is that the plaintiff first charged the directors with being a pack of thieves, and that they had stolen money out of the treasury of the company, and that the alleged slanderous words used by the defendant were in the nature of a countercharge. The jury returned a special finding to the effect that the plaintiff's witnesses did not understand that the defendant intended to denounce the plaintiff as a thief and robber in the ordinary and usual sense of these words. It is claimed this finding is not supported by the evidence. We do not agree with that claim. The whole record shows that no sane man could have understood the words in any other way than as claimed by the defendant. Any witness who was present at the meeting and heard the war of words, knew that the whole controversy was in reference to the management of the affairs of the pill company. The cross-examination of some of the plaintiff's witnesses shows that they understood the sense in which the words were used just as the other witnesses did.

IV. The action was commenced in the district court of Clay county, and was removed by change of venue to Dickinson county. Before it was removed from Clay county, it was expected that it would be tried there. The defendant introduced evidence to the effect that the plaintiff offered to bribe the sheriff and deputy sheriff, by the payment of five hundred dollars, to call certain persons as jurors to try the case. He had slips of paper, with the names

of the persons whom he desired placed on the jury. Some of these names were marked with an "X," some "XX," and others "XXX." The explanation he made of these designations was that they meant "positive, comparative, and superlative;" that is, the XXX men were the best jurors of all. It is a singular coincidence that some of the names on these papers were the principal witnesses for plaintiff in the trial of the cause. An objection to this evidence was overruled. It is conceded that evidence of attempts to bribe witnesses or jurors is competent. It is in the nature of an admission that the cause of the party resorting to bribery of witnesses or jurors is unjust, and that his claim is dishonest and unrighteous. *Hastings v. Stetson,* 130 Mass. 77; *Egan v. Bowker,* 5 Allen, 451. It is claimed, however, that the rule is not applicable to the bribery of the officer whose duty it is to call jurors for the trial of a cause. The principle appears to us to be the same. The inference that a person has an honest and fair claim is strongly rebutted by proof of the resort to bribery to maintain it in a court of justice.

V. We have said that the alleged slanderous words were repeated on the stairway. The fact is that the joint discussion participated in by the plaintiff and defendant commenced in the office, and continued without interruption until the crowd arrived on the stairway. It is claimed that the testimony of some of the plaintiff's witnesses was to the effect that all they heard was the utterance of the slanderous words on the stairway. The court instructed the jury on this question as follows: "Where a person makes a connected statement concerning another, a person hearing the statement would naturally gather the speaker's meaning from the entire statement, and not from some portion thereof; and if a listener hears some words, which form a part only of the entire state-

ment, and from such words received the impression, and understands that the person spoken of or to is being accused of a crime, the speaker, if he did not intend to be so understood, would not be liable for such publications of slanderous words, provided the statement, taken together and as a whole, would not have conveyed to the listener's mind, had he heard all of it, the impression that the person spoken of or to was being accused of a crime." It is urged that this instruction, and others embodying the same thought, are erroneous. We do not think this position is well taken. It is what is understood by those who hear the whole conversation which is to determine the question as to the slanderous character of the utterances, and not mere catchwords heard by a passing witness. If the contention of the plaintiff is correct, the speaking of slanderous words in the merest jest would be actionable, because certain persons heard the mere speaking of the words, without more. It is essential that the connection in which the words were used should be taken into consideration, in determining whether they are actionable.

VI. We have disposed of what appear to us to be every material question in the case. The appellant assigned fifty-two alleged errors. What we have said disposes of many of them, and we do not think the others require special mention. The case was submitted to the jury upon instructions which appear to us to be unexceptionable. They were fair to the parties, being a complete and correct analysis of the questions involved, and couched in such plain and felicitous language that they could not have been misunderstood. The judgment of the district court is AFFIRMED.