ADAM GREENLEE, Appellant, v. FRANK COFFMAN, Appellee.

APPEAL AND ERROR: Review—Presumptions—Exclusion of Question. The burden is upon the appellant, not only to show that an excluded question was proper in purpose, but that it was properly framed for such proper purpose.

LIBEL AND SLANDER: Evidence—Mental Pain—Accusation Made in Presence of Third Person. Where the accusation was made in the presence of a third person, an objection was properly sustained to a question asking the plaintiff as to what mental pain he suffered from the accusation, as the same should have been confined to what mental pain he suffered from the third person's having heard the accusation.

APPEAL AND ERROR: Review—Harmless Error—Exclusion of Evidence as to Mental Pain. The jury having found, in an action for slander, that there was no substantial injury to plaintiff's reputation, exclusion of evidence as to mental suffering was harmless.

*Appeal from Keokuk District Court.*—K. E. WILLCOCKSON, Judge.

APRIL 12, 1919.

ACTION for slander. The answer was a plea of justification and a plea in mitigation. There was a verdict for the plaintiff of one dollar. From judgment on the verdict, the plaintiff has appealed.—*Affirmed.*

*Hamilton & Beatty,* for appellant.

*Wagner & Updegraff,* for appellee.

EVANS, J.—The slanderous words charged against the defendant were, in substance, that the defendant said to the plaintiff, during an altercation, "You are a thief." The utterance of these slanderous words was admitted by the defendant. The defendant pleaded the truth of the statement in justification. The facts pleaded in justification were that the plaintiff had stolen certain of defendant's fence posts from his field. In mitigation, he pleaded, also, that he had

good reason to believe, and did in good faith believe, that the plaintiff had stolen his fence posts. The plaintiff admitted, as a witness, that he took the fence posts in question, but maintained that he did so under a good-faith claim of right thereto. This claim of right was based upon the alleged fact that, upon some previous time, the posts had formed the plaintiff's part of a partition fence between the lands of plaintiff and defendant respectively; that, by some mutual arrangement between the parties, this partition fence had been removed; and that, in such removal, the defendant had taken such posts from the plaintiff's part of the fence. Evidence was introduced on both sides as to the real ownership of such posts.

The words complained of were spoken by the defendant to the plaintiff himself, during an altercation which amounted to an assault on the part of one or the other, and wherein the plaintiff denounced the defendant as a "liar," and the defendant denounced him as a "thief." The altercation occurred in the presence of Moore, son-in-law of the plaintiff.

Upon the trial, the plaintiff offered to prove that he suffered mental pain because of the "accusation" made by the defendant. The evidence was not permitted. The plaintiff also requested an instruction to the jury that it should take into consideration the mental suffering "that such accusation would be likely to cause one not guilty of theft, and being accused of being a thief, and mental anguish." This instruction was refused. The one point argued by appellant is that the trial court erred in sustaining objection to certain questions put to the plaintiff as a witness, for the purpose of proving mental suffering.

I.  Counsel put to plaintiff, as a witness, the following question:

"Q. After this occurrence on the 7th day of September, 1916, at the time you met Mr. Coffman there in the

road, and you and Mr. Moore were together, and he called you a thief, you may state whether or not this *accusation* made by him caused you any mental pain and worry."

1. APPEAL AND ERROR: review: presumptions: exclusion of question.

The trial court sustained an objection to the foregoing question, as being incompetent, immaterial, and irrelevant.

That mental suffering may be shown as an element of damage in a slander case was held by us in *Davis v. Mohn,* 145 Iowa 417, and in *Mills v. Flynn,* 157 Iowa 477. In the first of the cited cases, we overruled *Prime v. Eastwood,* 45 Iowa 640, wherein the converse had been held. In *Mills v. Flynn,* supra, we said that mental suffering resulting from injury to reputation may be shown "under proper allegations." One of the specific objections made to the offered testimony in the trial court was that the petition contained no allegation of mental suffering. Whether this was a good objection or not, we do not find it necessary to consider, in view of the state of the record. The burden is upon the appellant, as such, to show that the interrogatory put to himself as a witness was not only proper in purpose, but that it was properly framed for such proper purpose.

2. LIBEL AND SLANDER: evidence: mental pain: accusation made in presence of third person.

We may assume that the bitter quarrel between these two men caused mental suffering to each. We may assume, further, that mental suffering was caused to the plaintiff when he heard the defendant accuse him as a thief. But neither of these assumptions presents the mental suffering which would be provable by plaintiff as an enhancement of damages, because such mental suffering would have been caused to the plaintiff regardless of the presence or absence of Moore. The mental suffering provable is not that resulting from the *accusation* made to himself, but that resulting from the *publication* of the accusation, and from the injury to reputation caused

thereby. The *accusation* could have caused mental suffer-
ing, even though Moore had not been present to hear it. If
Moore had not been present, there would have been no pub-
lication, and therefore no slander. There could be no recov-
ery, therefore, for mental suffering caused merely by the *ac-
cusation*. To put it in another way, the jury could only con-
sider mental suffering resulting to the plaintiff from the
fact that Moore heard the accusation. Whether the method
and the circumstances of the publication were such as to
cause mental suffering to any considerable degree, would be
a question for the jury, in the light of all the evidence. The
facts of this case are quite illustrative of the reason for the
distinction here presented. Moore was the son-in-law of the
plaintiff. He protected him against an alleged assault by
the defendant, and later appeared at the trial as a friendly
witness for his father-in-law. This is not stated in criticism
of Moore, but for the purpose of illustration only. It is
readily conceivable that the alleged assault and the accusa-
tion may have caused great mental suffering, and yet that
such mental suffering was not at all enhanced by the pres-
ence of the son-in-law, or by the fact that the accusation was
made in his presence. It will be noted that the interrogatory
under consideration quite overlooked the distinction here
pointed out. The inquiry should have been confined to the
mental suffering resulting from the *publication,* and from
the injury to reputation caused thereby. *Terwilliger v.
Wands,* 17 N. Y. 54 (72 Am. Dec. 420) ; *Turner v. Hearst,*
115 Cal. 394 (47 Pac. 129). The same defect appears in the
requested instruction by plaintiff. Our conclusion at this
point renders it unnecessary that we consider the question
of pleading.

Finally, we may say that the plaintiff's case was not a
very meritorious one, so far as substantial damages were
concerned. We think the verdict for nominal damages gave

him full justice. Even if he had testified to

**3. APPEAL AND ERROR: review: harmless error: exclusion of evidence as to mental pain.**
mental suffering resulting to him from the publication of the accusation in the presence of his son-in-law, this would have added noth-- ing to his damages for injury to reputation.

The jury having found that the plaintiff suffered no substantial damage from injury to his reputation, this finding must have been based upon the circumstances of the publication, and upon the facts proved in mitigation. If these circumstances and mitigating facts were such as to reduce the damages for injury to reputation to a nominal sum, the jury would not be likely to allow more than a nominal sum for mental suffering resulting from such injury to reputation. The nominal character of the verdict was not the result of absence of proof. The nature of the slanderous words charged and admitted was such as to have justified substantial damages without proof. The jury must have found that no substantial injury to reputation was sustained. This finding could not have been influenced by the absence of evidence of mental suffering. From the whole record, therefore, we are impressed that the plaintiff suffered no prejudice in the final result by the absence of evidence of mental suffering. The judgment below will, therefore, be—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.