On December 2, 1924, certain landowners in Fremont County petitioned the board of supervisors of said county to establish a drainage district. An engineer was appointed, who filed his report, and proceedings were had in regard to 1. APPEAL AND the establishment of said ditch. Certain parties ERROR: who appeared before the board of supervisors and may appeal: filed objections to the establishment petitioners for drainage district. *Page 490 
of said district. Said objections were overruled, and the board adopted a resolution establishing said district; whereupon said objectors prosecuted an appeal from the said action of the board of supervisors in establishing said district, to the district court of said county. Proper petitions were filed by the objectors in the district court in said proceeding. The objectors were designated as plaintiffs, and the board of supervisors and said drainage district (which was then entitled Nishnabotna Drainage District No. 6) were made sole defendants. The several cases so appealed to the district court were consolidated for trial, and, after a hearing, an order and decree was entered by said court, adjudging that all the acts of the board of supervisors of Fremont County in attempting to establish said drainage district should be canceled, and forever held for naught; and said board was directed to set aside and rescind its order of establishment and to cancel any contracts made for construction of the work. Certain parties who were originally petitioners for the establishment of the drainage district now attempt to prosecute this appeal from said decree of the district court. The consolidated cases are entitled in this court as above set forth, but they were not so entitled in the district court. The parties now designated as "defendants-appellants," except the board of supervisors of Fremont County, Iowa, and Nishnabotna Drainage District No. 6, were not named as parties in the proceedings in the district court, and did not appear in said action as defendants or interveners, or in any manner whatsoever. Said parties, however, served notice of appeal, after decree had been entered in said cause in the district court, and now entitle the cause in this court in the manner shown above.
After said notice of appeal had been served, on or about the 31st day of December, 1926, the board of supervisors adopted a resolution reciting that the said board of supervisors of Fremont County did not care to prosecute any appeal from the decrees of the district court in said causes, and resolved that they would not join in said appeal, and instructed the county attorney to file appearance in said cause and make proper objections thereto.
A motion is now filed by the appellees to dismiss this appeal, and, as one ground of said motion, the appellees contend *Page 491 
that the said petitioners for the establishment of said ditch have no right to prosecute an appeal from the order of the district court to this court, and that the sole parties who could prosecute said appeal are the board of supervisors of Fremont County, who have not only failed to take such an appeal, but have by formal resolution repudiated the same, and refused to be a party thereto.
I. It is to be noted that the petitioners for the establishment of said drainage district were not parties to the proceedings in the district court. They did not appear therein, by intervention or otherwise. The sole defendants in the district court on appeal from the order of establishment were the board of supervisors and the drainage district. The question is whether or not the original petitioners for the ditch may now, under this situation, prosecute an appeal from the decree of the district court setting aside the order of the board of supervisors establishing said drainage district, when the board of supervisors refuses to do so.
Section 12822, Code of 1924, provides:
"The Supreme Court has appellate jurisdiction over all judgments and decisions of all courts of record, except as otherwise provided by law."
The Code also provides (Section 12837) that:
"An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and also upon the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part."
The question at this point is narrowed to the one consideration as to whether or not petitioners for the establishment of the drainage district, which district was duly established by the board of supervisors on said petition, who were not parties, by intervention or otherwise, in the district court, on the appeal of certain objectors from the Order of establishment, can prosecute an appeal from the order and decree of the district court to this court.
It is a well established rule in this and other jurisdictions *Page 492 
that an appeal will not lie at the instance of one who is not a party to the order, judgment, or decree from which the appeal is taken. "A stranger to the record" cannot appeal. Davis County v.Horn, 4 G. Greene 94; Phillips v. Shelton, 6 Iowa (Clarke) 545;State ex rel. Alderson v. Jones, 11 Iowa 11; Robison v. Saunders,Kibben Co., 14 Iowa 539; Borgalthous v. Farmers Merch. Ins.Co., 36 Iowa 250; Ferguson v. Board of Supervisors, 44 Iowa 701.
Whether the petitioners or other landowners in the drainage district could have intervened in the district court, and had themselves made parties to the action, is a question not before us. They did not do so. The objectors, as plaintiffs, and the board of supervisors and the drainage district, as defendants, were the sole parties to the case presented on appeal to the district court, and the issue was tried out between said parties. Unless there is some exception by statute to the general rule, the appellants, not being parties to the case in the district court, cannot maintain an appeal from the decree entered therein.
II. The proceedings regarding the establishment of a drainage district are wholly statutory. The purpose and intention of the legislature in enacting the chapter of the Code referring to drainage districts were to provide a comprehensive plan and scheme for the drainage and reclamation of lands within this state. It attempted to define and point out the various steps necessary to be taken, in order to legally establish a drainage district and to provide for the protection of all parties who were interested in said matter. The statute under which these proceedings were had (Code of 1924, Section 7427) requires that the owners of land petitioning for the establishment of a drainage district shall be owners of at least 15 per cent of the land within the proposed district. (This has since been amended to now require 25 per cent of the landowners as petitioners. Code of 1927, Section 7427). Notice is provided for and a hearing is to be had before the board of supervisors.
Code Section 7513 provides for an appeal by any person aggrieved by the final action of the board to the district court. The statute then provides (Section 7519) that:
"In all actions or appeals affecting the district, the board of supervisors shall be a proper party for the purpose of *Page 493 
representing the district and all interested parties therein, other than the adversary parties."
It is also provided (Section 7520) that, in all appeals or actions adversary to the district, the appellant or complaining party shall be entitled the plaintiff, and the board of supervisors and the drainage district it 2. DRAINS: represents, the defendants. The board and the establish- drainage district it represents may also sue as ment and plaintiffs. Code Section 7521. Under these maintenance: statutes, there is a clear and express provision legal repre- that, after the board of supervisors have acted sentative. in the matter, and by their act have finally established the drainage district, from that time on, the board of supervisors, "in all appeals," shall be a "proper party" representing said district, and shall so act, either as defendant or as plaintiff. So, in the instant case, when the appeal was taken by the objectors from the order of the board of supervisors establishing the district, the cause was entitled in the district court as provided by statute, and the board of supervisors and the drainage district were the sole defendants in said action. There is no provision of the statute requiring any notice of such an appeal to be served upon any of the petitioners for said district, or upon other landowners in the district, nor were they necessary parties to said proceeding. The contest in the district court was solely between the appealing objectors and the board of supervisors, representing the drainage district and all interested parties except the adversary parties. Now certain of the petitioners for the establishment of the drainage district seek to appeal from the order by the district court in said case. They were not parties thereto, except as they were "interested parties," represented by the board of supervisors. There is no provision of the statute that in any way authorizes such an appeal by said petitioners under such circumstances. The statute expressly provides that, "in all appeals," the board of supervisors shall be a proper party for the purpose of representing the drainage district and all interested parties. The language is so clear and unequivocal that it is not open to judicial construction. The purpose of the legislature in enacting this provision is quite obvious, and the instant case is quite illustrative of that purpose. The machinery for the establishment *Page 494 
of a drainage district is put in motion by the filing of a petition by landowners within the proposed district. In a large district, it is a matter of common knowledge that a great number of landowners may be involved, many of whom may be petitioners or objectors, and many of whom may not assume the role of either petitioners or objectors. All of said parties are, however, "interested parties" in the matter of the establishment of the ditch. If it is established, the various tracts of land in the district may be assessed for the construction of the improvement. The establishment of a drainage district under this statute is not a private enterprise. There must be an express finding that it is for the public health, convenience, and welfare, before such establishment is authorized. The legislature clearly intended to provide that the board of supervisors should be the proper party to represent a drainage district and all interested parties other than the adversary parties, in all litigation, by appeal or otherwise. A reason for this is obvious. Otherwise, for example, if one objector appeals from the order of the board establishing a drainage district, it might be necessary that he should serve notice upon all of the petitioners for the ditch. Or it might be necessary to serve notice upon all landowners within the proposed district, although they were neither petitioners nor objectors, whose interests might be affected by the litigation. In order to avoid the necessarily great expense, delay, confusion, and possible want of jurisdiction that might arise under such conditions, the legislature clearly and definitely provided that the board of supervisors should be the proper party in all proceedings or appeals to represent the drainage district and "all parties interested," except adversary parties. Under these statutes, it is plain that the legislature intended to, and did, clothe the board of supervisors with authority as the proper party to prosecute an appeal from the decision of the district court affecting the drainage district adversely, if, in its judgment, such an appeal should be taken.
In some states there are statutes providing that "any person aggrieved" by a decision may appeal therefrom. This is the language of Section 7513 with regard to appeals from the decision of the board of supervisors to the district court, but there is no such provision with regard to appeals from the district court to this court. On the contrary, there is the provision *Page 495 
above referred to, that in all appeals the board of supervisors is the proper party to represent the drainage district and all interested parties, except adverse parties. The petitioners cannot be said, under these statutes, to be "parties" to the case that was heard in the district court on appeal, merely because of the fact that they were petitioners before the board of supervisors, asking the establishment of the drainage district, or were landowners within the district.
Unless we absolutely ignore the plain provisions of the statute, the right of appeal from the decision of the district court, under the record in this case, was solely by the board of supervisors. They are clothed with such express power by the statute. If the board of supervisors saw fit to take such an appeal, it would be done, under the statute, by service of notice on the adverse party. It would scarcely be claimed that the petitioners or other landowners were, in any proper sense, such co-parties that notice upon them would be essential. The legislature, for a definite and specific purpose, provided that the board of supervisors should be clothed with the authority to appear for and in behalf of said drainage district and all interested parties, except adversary parties, in all actions or appeals that might be brought by or against the district. This being true, we see no escape from the conclusion that the appellants herein, even if they are landowners within the district, and although they are petitioners who originally sought the establishment of the district, are not in a position to maintain this appeal in this court. The board of supervisors, acting for and in behalf of said district, have not appealed from the order of the district court. They have expressly refused so to do. What other remedy, if any, may have been open to appellants, we do not determine. We limit our decision to the one proposition that, under the record in this case, the appellants cannot maintain this appeal from the order of the district court.
III. But it is argued that in similar cases we have recognized the right of "an interested party" to prosecute an appeal, even though such party was not a party to the order or decree appealed from. Reliance is placed upon Yockey v. Woodbury County, 130 Iowa 412. In that case, the county, not the board of supervisors, attempted to appeal from the action of the trial court in sustaining objections to assessments made for the cost *Page 496 
of constructing a drainage ditch. We held that the county, as a corporation, had no interest in the taxes assessed for the purpose of construction of the improvement, and could not appeal. By way of illustration in the opinion, it is suggested that "perhaps" the contractor, or the petitioners or landowners, might be proper parties. The point decided in the case is that the county, as such, cannot appeal from the order of the district court in sustaining objections to assessments in a drainage district case. The case was decided in 1906, under the law as it appeared in Chapter 68 of the Acts of the Thirtieth General Assembly, which did not contain the provision now embodied in Code Section 7519, regarding representation by the board of supervisors of the interested parties in all actions or appeals affecting the district. This came into the statute in April, 1909, as Section 13 of Chapter 118 of the Acts of the Thirty-third General Assembly.
Farmers' L. Tr. Co. v. City of Newton, 97 Iowa 502, is also not determinative of the question involved herein. That case involved an appeal from a decree canceling an assessment for taxation. The city of Newton and the board of equalization appealed. In overruling a motion to dismiss the appeal, we said:
"Upon appeal to the district court, the city and board of equalization, acting for and on behalf of the city, become parties, and, as such, are empowered by the statute last quoted to prosecute an appeal to this court."
In this case, none of the appellants became parties to the proceedings in the district court.
Temple v. Hamilton County, 134 Iowa 706, cited by appellants, was decided in 1907, before the present statute providing that the board of supervisors should be the proper party in all actions and appeals was enacted. In said opinion we said:
"The statute does not definitely provide who shall be considered parties to the proceeding on appeal, nor how the case shall be entitled in the district court; but, if we assume that the county or the board of supervisors is properly a party to an appeal, it is only in a nominal or representative capacity, which does not deny to the real parties in interest the right to *Page 497 
control the proceedings and to defend their respective right's in the premises."
It was after this pronouncement that the statute was amended, providing that the board of supervisors is a proper party in all proceedings on appeal, and specifically providing how the case shall be entitled. It is obvious that the Temple case is not controlling in the instant case.
Henderson v. Calhoun County, 129 Iowa 119, and Gish v.Castner-Williams and Askland Dr. Dist., 136 Iowa 155, were also each decided prior to the change in the statute above referred to.
Furthermore, even though it be contended that the statutory method prescribed may be so construed as to deny to the appellant personally the right to appeal to this court, such provision would not be unconstitutional, nor a denial of 3. CONSTITU- due process of law. No constitutional guaranty TIONAL LAW: is violated by denying the right of appeal. This judicial was held by us in a case involving the drainage department: statutes. Ross v. Board of Supervisors, 128 Iowa denial of 427, and many cases cited. appeal. See, also, Chicago N.W.R. Co. v. Board of Supervisors,182 Iowa 60.
IV. It is argued that the statute, Section 7519, simply provides that the board of supervisors "shall be a proper party for the purpose of representing the district," and that it is not provided that the board of supervisors is the only proper party to represent the district. Courts are not bound by the literal use of words in construing statutes. Such is the provision of our statute. Code Section 63. It is well established that courts will construe "and" to mean "or," "may" to mean "must," "shall" to mean "may," and will make other similar constructions, to effectuate the evident legislative intent. So, in this case, the legislature evidently intended to provide that the board of supervisors should be the proper party for the purpose of representing the drainage district and all interested parties except adversary parties, in all appeals. This construction would not bar the right of intervention by a proper party, and upon a proper showing; but, in any event, such intervention cannot be first had by prosecuting an appeal from the decree of the trial court. *Page 498 
V. The decree contains the following provisions:
"It is further ordered, considered, and adjudged by the court that the appellants have judgment against the defendants herein, the petitioners, for costs in these cases, taxed at $1,119.90, and that execution issue therefor."
It is contended that this portion of the decree gives the appellants who were petitioners a right of appeal from this "judgment for costs." The notice of appeal recites that the appeal is from "the judgment and decree of the 4. APPEAL AND district court of Fremont County, Iowa, rendered ERROR: re- in favor of the plaintiffs in the above entitled view: scope matter on September 3, 1926, to the Supreme and extent: Court of the state of Iowa, and that the said unappealed judgment and decree appealed from is the part of judgment of the district court of Fremont judgment. County, Iowa, setting aside the action of the board of supervisors of Fremont County, Iowa, in establishing Nishnabotna Drainage District No. 6 and sustaining plaintiffs' appeal from the action of said board."
In Yockey v. Woodbury County, supra, we said:
"As to the claim that the county has a right to appeal to this court from at least those parts of the judgments which taxed to it the costs of the proceedings in the district court, there are two answers. In the first place, a wholly unauthorized judgment for costs against a person not a party will not make such person a party in such sense that he can appeal. The mere attempt of the lower court to exercise an unauthorized jurisdiction will not warrant an appeal to this court, if the person against whom the unauthorized judgment is rendered is not a party. 2 Cyc. 626. And see St. Joseph Manufacturing Co. v. Harrington, 53 Iowa 380;Groves v. Richmond, 53 Iowa 570. And in the second place, the notices of appeal to this court recite that `the county of Woodbury has appealed from the judgment of said [district court] entered on the 10th day of April, 1905, in favor of said plaintiff, appellant, sustaining his objection to the assessment of a certain tax against his land,' etc., and makes no reference to any judgment against the county for costs. Such judgment against the county for costs was separate and distinct from the judgment that the objections to the levy of assessments should be sustained. Neither one of *Page 499 
these judgments necessarily involved the other, and the appellant, in specifying one of such rulings or orders as the basis of his appeals, thereby excludes the consideration of the other."
The Yockey case is conclusive against appellants' right to prosecute this appeal, under the record. We make no pronouncement as to the validity of the alleged judgment for costs against the petitioners for the ditch.
In view of our conclusion on the matters discussed, it is unnecessary that we consider other grounds of the motion to dismiss.
Such motion must be, and it is, sustained, and the appeal is ordered dismissed. — Appeal dismissed.
EVANS, De GRAFF, and WAGNER, JJ., concur.
ALBERT, MORLING, and KINDIG, JJ., dissent.
STEVENS, C.J., takes no part.