[File No. 6146.]

G. T. WAITE, also Known as Speedy Waite, Respondent, v. STOCK-GROWERS' CREDIT CORPORATION, a Corporation, and J. E. Phelan. J. E. PHELAN, Appellant.

(249 N. W. 910.)

Opinion filed August 10, 1933.

*Byrne & Reichert,* and *W. C. Crawford,* for appellant.

*C. H. Starke,* for respondent.

NUESSLE, Ch. J. This action was brought to recover damages on account of the publication by the defendants, Phelan and the Stockgrowers Credit Corporation, of an alleged libelous letter.

The plaintiff in his complaint after a recital of the formal allegations, sets forth the letter complained of as follows:

"Again alluding to your letter of June 23rd. I would advise you to vacate the ranch that you have been occupying. County Attorney Brownlee and the Sheriff of Slope county were over in that region yesterday looking up criminal practices on the part of people around there. I was told that a man occupying the place with you called 'Speedy' had delivered a load of long cedar posts to Olauf Soreide, taken from the ranch on Section 6, and that he had stated that he could deliver as many cedar posts as desired by farmers or others. Also that you have another companion out there that has been mixed up in these questionable transactions.

"We cannot permit such work to go on when it comes to taking and carrying off property that belongs to other people and rustling sheep wagons and other directions.

"I believe the Sheriff and County Attorney of Slope county are ready to put an end to it."

The plaintiff further alleges "That before the publishing of the aforesaid words by the said defendant, certain articles of personal property had been stolen or lost from sheep wagons belonging to the

defendants and from other places, and the defendants meant by their statement 'We cannot permit such work to go on when it comes taking and carrying off property that belongs to other people and rustling sheep wagons and other directions' to accuse this plaintiff, whom they refer to as 'Speedy' together with W. J. Kelly and 'another companion' Thomas Davis of having feloniously stolen personal property from his sheep wagons and other places and it was so understood by those who read it." That such statements were false and defamatory and that by reason thereof he has been damaged.

The defendants, answering, admitted the writing of the letter complained of by the defendant Phelan but denied that the same was libelous or written maliciously or without justification and with intent to injure the plaintiff, and further denied that the plaintiff was in any way injured thereby.

The case was tried to a jury. No evidence was offered by the defendants. On motion the case was dismissed as to the defendant the Stockgrowers Credit Corporation but was submitted to the jury as against the defendant Phelan. The jury returned a verdict in favor of the plaintiff for actual damages in the sum of.$150. Judgment was entered on the verdict. The defendant Phelan perfected this appeal from such judgment.

On this appeal the defendant specifies and relies upon the insufficiency of the evidence to sustain the verdict. In that behalf he specifies that there was a failure of proof to show any publication of the alleged defamatory matter and that the damages returned by the jury were excessive and given under the influence of passion and prejudice.

It appears that Kelly to whom the alleged libelous letter was written, and one Davis, were partners in a farming enterprise. They occupied a tract of land under an agreement with one Butler. The Stockgrowers Credit Corporation, of which Phelan was president, claimed some interest in the land and objected to Kelly's occupancy thereof. So Kelly wrote the defendant Phelan in an endeavor to lease the land from him. Phelan, answering and refusing to lease to Kelly, wrote the letter on which the plaintiff declares. Kelly and Davis maintained a bachelor establishment. The plaintiff, G. T. Waite, also known as "Speedy" was a ranch hand. He had met with an accident wherein his arm was broken and so quit his employment. He went.to.live with

Kelly and Davis while his arm was healing. He was not associated with them in their farming enterprise. When Kelly received the letter he showed it to the plaintiff and to others. Kelly testified, as did the plaintiff, that he understood the letter to mean that he, Kelly, Waite, and Davis, had stolen from sheep wagons and had also stolen other property. Kelly testified that he did not believe this accusation; that he knew it was not true and that it did not make any difference so far as his relations with Waite were concerned. Waite testified that he could not say that it had made any difference in his business affairs, and he offered no testimony as to mental suffering on account of its publication. The defendants offered no evidence.

The defendant contends that there is no proof in the record of any publication of the alleged libelous matter. In that behalf he insists that the accusation is that of a joint offense, committed by Kelly, Davis and Waite, and that since they were charged with having committed a joint offense the writing and mailing of the letter to Kelly did not constitute a publication. As sustaining this proposition he cites and relies upon Harbison v. Chicago R. I. & P. R. Co. 327 Mo. 440, 37 S. W. (2d) 609, 79 A.L.R. 1; Wrought Iron Range Co. v. Boltz, 123 Miss. 550, 86 So. 354.

The plaintiff insists that the accusation is not that of a commission of joint larcenies by Kelly, Davis and himself, but is a joint accusation against them of having committed several different larcenies; that is, joint larcenies were not thereby charged but that he and the two others were together charged with having severally committed different larcenies, and that it was so understood by him and so alleged in his complaint. It seems to us that the plaintiff's contention in this regard is well grounded. Reasonably read the letter cannot be said to have charged joint offenses; neither can it be said that the plaintiff intended by the allegation in his complaint heretofore set out to predicate his case on an accusation of the commission of joint crimes. Accordingly we hold that there was a publication of the libelous matter when the letter was sent by the plaintiff to Kelly.

The clear inference to be drawn from the words of the writing is that the persons therein described had engaged in the unlawful taking of personal property. So the writing was libelous per se. Comp. Laws 1913, § 4352; Langer v. Courier News, 46 N. D. 430, 179 N. W. 909;

Meyerle v. Pioneer Pub. Co. 45 N. D. 568, 178 N. W. 792; Lauder v. Jones, 13 N. D. 525, 101 N. W. 907; 36 C. J. 1204. In such case, in the absence of proof, damages are presumed. Meyerle v. Pioneer Pub. Co. 45 N. D. 568, 178 N. W. 792, supra; 37 C. J. 91. In the instant case, aside from the presumption, there is no evidence tending to establish damages. The proofs show no publication by the defendant except to Kelly. The defendant sent the writing to Kelly pertaining to a matter of business in response to a letter received from Kelly. It does not appear that he knew that Davis was associated with Kelly in the attempt to lease the land. He had no reason to assume that Kelly would exhibit the letter to Davis or to anyone else. Certainly he did not authorize him to do so. So such further publication was a publication by Kelly and not by the defendant, and the latter is not responsible therefor. See McCurdy v. Hughes, ante, 435, 248 N. W. 512, 87 A.L.R. 683; 36 C. J. 1231. Therefore, any damage that accrued and for which the plaintiff can recover here must be on account of the publication to Kelly.

Kelly and Davis were friends of the plaintiff. They had afforded him an asylum when, on account of his accident, he had to quit his employment. All three of them were jointly accused in the letter. All knew that the accusations were false. After the publication of the libel they continued to live together as before. Kelly's testimony tends to negative the thought of substantial damage by reason of the publication. He testified that he knew the accusations contained in the writing were not true; that he did not believe them; that they had no effect and made no difference so far as his feelings toward or relations with the plaintiff were concerned. It is true that he who is libeled and suffers damage thereby is entitled to have his damages augmented on account of his mental suffering, if any, occasioned by the libel. Here there is neither allegation nor proof of mental suffering. Plaintiff had no reason to be anxious or distressed because his reputation had been injured by this publication. To warrant a recovery therefor "the mental suffering must be the direct, immediate and proximate effect of the publication and not mental suffering caused by the mere accusation itself." 37 C. J. 117 et seq. That is, to be compensable, such suffering must have resulted from the publication and from the in-

768

jury caused thereby. Greenlee v. Coffman, 185 Iowa, 1092, 171 N. W. 580.

The defendant insists that on the record it appears that the damages returned by the jury are excessive and were given under the influence of passion and prejudice. As shown above, aside from the presumptions that arise from the fact of publication of matter libelous per se, there is no evidence in the record to sustain substantial damage. On the contrary the import of the evidence adduced is that there were none. The question of damages for libel is a question for the jury and the jury's finding will not be disturbed unless it can be said to be unreasonable. The verdict as returned in the instant case was for $150 actual damages. No exemplary damages were found. While substantial, these damages are not large in amount. Nevertheless, considering the whole record, it seems to us that they are excessive. While the question of damages for libel is ordinarily one for the jury, we think that this case is one that properly can be disposed of by the exercise of discretion pursuant to the provisions of paragraph 5, § 7660, 1925 Supplement. Accordingly a new trial will be ordered unless the plaintiff will remit his damages in excess of the sum of $25, and in case of such remission the judgment as entered will be amended accordingly, and as so amended affirmed.

BURR, CHRISTIANSON, BIRDZELL and BURKE, JJ., concur.