GOLDA SHULTZ, Appellee, v. IDA SHULTZ, Appellant.

No. 43992.

OCTOBER 26, 1937.

Frank W. Oertel, for appellant.

E. W. McManus, for appellee.

DONEGAN, J.—This is an action for slander brought by Golda Shultz against Ida Shultz, the mother of the plaintiff's husband. The petition contained five counts, each count stating a separate slanderous statement of and concerning the plaintiff, alleged to have been made by the defendant maliciously, with the intention of injuring plaintiff in her good name, fame and credit, and bringing her into public scandal and disgrace. The alleged slanderous statements were as follows: In count 1 defendant is alleged to have said to her son, in the presence of one Estella Murphy, "Go ahead and live with that whore"; in count 2 defendant is alleged to have said, in the presence of Nellie Calfee, "She is nothing but a whore, she runs around with other men and had a bad disease"; in count 3 defendant is alleged to have said, in the presence of H. C. Bear, "She is nothing but dirty trash, I don't see why Maxie stays with her, she isn't sane and she will kill Maxie with an axe"; in count 4 defendant is alleged to have said, in the presence of Sylvia Kennedy, "She is a bitch and a disgrace to the Shultz family and I can't see why Max lives with her, she will kill

him''; and in count 5 defendant is alleged to have said to her son, Max Shultz, the husband of plaintiff, ''She is a whore and her mother and her people were whores and she has gotten rid of babies.'' In each count it is alleged that the statement made by defendant was false and untrue, was made maliciously with the intent of imputing unchastity to the plaintiff, and was so understood by the person hearing the same. Each count alleged actual damages in the sum of $5,000 and exemplary damages in the sum of $5,000, and the prayer asked for total damages in the sum of $50,000.

In an amendment to the petition it was stated, in each count thereof, that the publication of the slanderous words subjected plaintiff to public scorn and ignominy and has caused her and will cause her great mental pain and suffering. The answer denied generally all the allegations of the petition and further denied that the alleged statements charged in counts 3 and 4 were slanderous *per se,* and stated that extrinsic facts were not alleged making them so. Upon the trial of the case the defendant moved for a directed verdict at the close of plaintiff's evidence, and again at the close of all the evidence, and such motions were overruled. The court removed from the consideration of the jury the allegations contained in count 4 of the petition and submitted the case to the jury on the remaining counts. The jury returned a verdict of $3,000 and defendant filed a motion for a new trial. Such motion for new trial was overruled, judgment entered for the plaintiff, and the defendant appealed.

■■■ The notice of appeal stated that,—''the Defendant appeals from a ruling and order of the District Court of Lee County, Iowa at Keokuk entered of record on the 13th day of October, 1936 overruling her motion for a new trial in this cause.'' This notice restricted the appeal to such matters as were raised by the motion for a new trial. Yockey v. Woodbury County, 130 Iowa 412, 106 N. W. 950; Liddle v. Salter, 180 Iowa 840, 163 N. W. 447; Incorporated Town of Conway v. Conway, 190 Iowa 563, 180 N. W. 677; Rule v. Rule, 204 Iowa 1122, 216 N. W. 629; Chicago, B. & Q. R. Co. v. Board of Supervisors et al., 206 Iowa 488, 221 N. W. 223; Iowa National Bank v. Raffensperger, 208 Iowa 1133, 224 N. W. 505.

Appellant sets out twelve alleged errors relied upon for reversal. An examination of these alleged errors shows that

Nos. 1, 4 and 7 thereof were not set out or even inferentially called to the trial court's attention by the motion for a new trial, and, therefore, they cannot be considered by us upon this appeal. Of the remaining alleged errors, Nos. 2, 3, 5, 6 and 8 have reference to the slanderous statements alleged in count 3 of the petition and amendment thereto, to the rulings of the court upon evidence in support thereof, and to rulings of the court on defendant's motions to remove this count from the consideration of the jury and to direct a verdict for the defendant thereon.

It is somewhat doubtful whether any of the questions presented by these alleged errors were sufficiently alleged in the motion for a new trial to call the trial court's attention to them, so that they may now be considered by this court on appeal. However, we have examined all of the alleged errors here referred to and we are satisfied that as to none of them has the appellant sustained her contention.

 The rulings of which appellant complains in her second, third and fifth allegations of error have been referred to in both appellant's and appellee's arguments on each of the questions therein raised, and are so related to each other that we will consider them together. The second alleged error is: "That the court erred in reversing his ruling and never making the same clear to the jury or the record to defendant's objections and motion to strike on the question and answer 'She told me her daughter-in-law was crazy' (Abs. p. 18, l. 10) and 'what she was afraid of Golda would take her little Max and split his head open' (Abs. p. 16, l. 11). Objections by counsel (Abs. p. 18, l. 12, to l. 16). The court (Abs. p. 18, l. 17). Statement of counsel (Abs. p. 18, l. 19), because the same was incompetent, irrelevant and immaterial and because the same failed to prove slander *per se,* or otherwise and admits a fatal variance between the allegations of the petition and the proof." We confess to some difficulty in understanding just what is meant by this alleged error. An examination of the portions of the record referred to, however, shows that, after the witness, Bear, had testified that the defendant had told him that the plaintiff was insane and crazy and that she was afraid the plaintiff would take her little Max and split his head open, the attorney for the defendant objected to the testimony as not slanderous *per se* or otherwise and moved to strike it. On the request of plain-

tiff's attorney the court deferred ruling until the entire statement alleged to have been made by defendant to this witness was introduced. Plaintiff's attorney then asked the witness whether he had heard the defendant say that the plaintiff was nothing but dirty trash, and an objection of the defendant to this testimony was sustained. Plaintiff's attorney then called the court's attention to the fact that in his petition he had alleged that this identical language had been spoken to the witness. Whereupon the court overruled the objection and the witness answered. Thereupon the defendant's attorney renewed his motion to strike and his objections made to the former question, and the court held that the evidence would be admitted for the purpose of showing malice and damages.

 After the plaintiff had rested the defendant moved to withdraw counts 3 and 4 from the jury on the elements of exemplary damages and compensatory damages, because no monetary loss had been established by the proof. Plaintiff's attorney then asked and was permitted to reopen the case. The witness, Bear, was recalled and, on further direct examination, stated that when the defendant had said to him that the plaintiff was nothing but dirty trash and she didn't know why Max stayed with her, he, the witness, understood the defendant to mean that the plaintiff was nothing but an old prostitute and that defendant thought Maxie shouldn't stay with her because she was that kind of a girl. On cross-examination, the witness further testified: "She (defendant) told me Golda was nothing but trash and an old prostitute. She didn't see why Max married to the family. The sooner they would get Max away from Golda the better it would be * * *. Yes she used the term prostitute." In the light of this testimony we think the trial court could not do otherwise than submit the alleged slanderous statements to the jury with proper instructions as to both compensatory and exemplary damages. The only defense plead was a denial; there was no plea in mitigation of damages, no interrogatories or instructions requested to be submitted by defendant, and no exceptions to any of the instructions given by the court. See Brandt v. Story, 161 Iowa 451, 143 N. W. 545; Hughes v. Samuels Bros., 179 Iowa 1077, 159 N. W. 589, L. R. A. 1917F, 1088; Wimer v. Allbaugh, 78 Iowa 79, 42 N. W. 587, 16 Am. St. Rep. 422; Kidd v. Ward, 91 Iowa 371, 59 N. W. 279; Ladwig v. Heyer, 136 Iowa 196, 113 N. W. 767; Children

v. Shinn, 168 Iowa 531, 150 N. W. 864; Mills v. Flynn, 157 Iowa 477, 137 N. W. 1082; Greenlee v. Coffman, 185 Iowa 1092, 171 N. W. 580.

■■■ Appellant's third allegation of error was that the court erred in first sustaining and then overruling the defendant's objection to the evidence of the witness, Bear, that the defendant had told him that the plaintiff was dirty trash, because this statement did not tend to prove slander *per se* or otherwise; and her fifth allegation of error was that the court erred in overruling her motion for a directed verdict, because the court refused to withdraw from the jury in count 3 the element of exemplary damages and the element of compensatory damages. What has been said above is sufficient to dispose of both of these allegations. We find no merit in the appellant's second, third and fifth allegation of error.

■■■ Appellant's sixth allegation of error complained of the action of the court in reopening the case and allowing the witness, Bear, to testify further as to the statements made to him concerning the plaintiff by the defendant; and her eighth allegation of error complained of the court's action in overruling that ground of her motion for a new trial which alleged that the trial court had abused his discretion in permitting the witness, Bear, to be recalled for the purpose of giving entirely new evidence. The reopening of a case for the introduction of further testimony is a matter that is placed in the discretion of the trial court. Code of Iowa, 1935, sec. 11505; Hartley State Bank v. McCorkell, 91 Iowa 660, 60 N. W. 197; Miller v. Hartford Ins. Co., 70 Iowa 704, 29 N. W. 411; Meadows v. Hawkeye Ins. Co., 67 Iowa 57, 24 N. W. 591. We find no error in the trial court's action in this regard.

Appellant's ninth allegation of error is as follows:

"That the court erred in overruling the defendant's motion for a new trial by holding that the defendant's motion for a directed verdict at the close of plaintiff's evidence and renewed after the testimony on recall of the witnesses, H. C. Bear and Sylvia Kennedy, was properly overruled on counts one, two, three and five of plaintiff's petition and because of such error the defendant did not obtain a fair and impartial trial and that the court erred in overruling defendant's motion for a new trial renewed after the close of defendant's evidence holding that said

motion was properly overruled thereby preventing the defendant from obtaining a fair and impartial trial as briefed and argued in appellant's brief and argument on assignment of error No. 5 (Appellant's Brief and Argument, page 26).

"That the court erred in overruling the defendant's motion for a new trial holding that the words 'She told me what she was afraid of Golda would take her little Maxie and split his head open.' Also, 'She told me her daughter-in-law was crazy' as testified to by the witness, H. C. Bear, holding said testimony to be competent on the question of malice thereby preventing the defendant from obtaining a fair and impartial trial."

As appellant's motion for a new trial contained twelve separately numbered grounds, we think it apparent that this allegation of error is far from complying with the requirements of Rule 30. Moreover, the matters concerning which complaint is made in this allegation of error have already been considered, and it is unnecessary to make further reference to them.

Appellant's tenth, eleventh and twelfth allegations of error are based on the ground that the damages awarded by the verdict were the result of passion and prejudice, were excessive, and were not warranted by the evidence. The charges of slander contained in counts 1, 2 and 5 of plaintiff's petition allege statements that were slanderous *per se*; and, as we have already found, the slanderous statements alleged in count 3 were properly submitted to the jury. The evidence was such that the jury might readily have found for the plaintiff on any one or all of these four counts that were submitted to them, and might have found therefrom that the plaintiff was entitled to both actual and exemplary damages. As already stated, the record does not show any plea in mitigation of damages; there was no request for submission of any interrogatory or instruction that was refused by the court; and exceptions were not taken to any of the instructions given by the court. We find nothing in the record to indicate that the jury was actuated in any degree by passion and prejudice or that the verdict was excessive, and, in our opinion, the complaints made in the tenth, eleventh, and twelfth allegations of error are not well founded.

For the reasons stated in the opinion, the judgment of the trial court should be, and it is hereby, affirmed.—Affirmed.

HAMILTON, C. J., and all Justices concur.