CLARENCE F. SALLEE et al., appellants, v. EARL ROUTSON, appellee.

No. 48945.

(Reported in 78 N.W.2d 516)

SEPTEMBER 18, 1956.

McMullin, Running & Test, of Des Moines, for appellants.

Dickinson, Throckmorton, Parker, Mannheimer & Raife, of Des Moines, and Nelson & Stienstra, of Sioux City, for appellee.

HAYS, J.—Plaintiffs, father and son, seek damages: The father, William H. Sallee, as owner of the car which was being driven by the son, Clarence F. Sallee, for damage to it; and the son for personal injuries sustained and alleged to be caused by defendant's negligent operation of his car. At the close of plaintiffs' case in chief the court sustained a motion to direct a verdict for defendant, and plaintiffs appeal.

The record shows that in March 1954, around 6 p.m., Clarence Sallee was driving south on Highway 60 just north of the Des Moines city limits. He was driving 60 to 65 miles per hour, and as he approached the intersection of the highway with Plain-

1222

view Drive, which is an east-west road, he observed defendant's car approach the highway from the west; that it slowed down but did not stop although there was a stop sign at the entrance of the road onto the highway. Defendant entered the highway, turning right directly in front of plaintiffs' car. In attempting to avoid a collision plaintiffs' car skidded out of control and turned over causing the alleged injury and damage. Plaintiffs' testimony was in the main corroborated by a disinterested observer.

The basis for the sustaining of the motion for a directed verdict was that there was no evidence of damage to the car or of personal injuries. This is assigned as error and presents the real issue before us. The questions of damage to the car and that of personal injuries present different propositions and will be dealt with separately.

I. Damage to the car. Clarence F. Sallee furnished the only testimony regarding same. He stated he had received an estimate as to the damage to the car from Whattoff Motor Company. He had, at the time, a writing purporting to be a statement of the estimate. He was asked: "Q. How much did they tell you it would cost to repair—your—the 1950 Ford? A. Figure $584.02; that leaves the two doors and the transmission." No objection was offered to the question or motion made to strike the answer. Plaintiff then offered in evidence as Exhibit A the paper containing an alleged estimate of damages. Objection was made to the exhibit as not the best evidence and as being merely a copy, and the same was sustained. It is claimed by appellee that all of the testimony, including that above-quoted, was offered solely with reference to identification of the paper offered as Exhibit A. We do not agree. The question, before quoted, has no reference to any paper, but specifically asks what had been said to the witness. It is clearly hearsay testimony and, under proper objection, inadmissible.

As the record stands, the cost of repair to the car was $584.02. Appellee states the rule to be that testimony, inadmissible under proper objection, received in evidence without objection fails to generate a jury question. While there is authority to such effect, it is a minority view. The general rule as stated in 88 C.J.S., Trial, section 150, is: "Evidence to which

no objection is made is properly in the case for all purposes and may be considered, although it would have been excluded had objection been made; such evidence is entitled to its full and natural probative effect." See also section 153 thereof. This general rule is recognized and followed in Iowa. O'Brien v. Biegger, 233 Iowa 1179, 11 N.W.2d 412; Odens v. Veen, 234 Iowa 1029, 14 N.W.2d 705; Walker v. City of Clinton, 244 Iowa 1099, 1111, 59 N.W.2d 785, 791, where we say: "It is the general rule that a material fact at issue may be established by hearsay evidence, where the same is admitted without objection." —citing Reid v. Automatic Electric Washer Co., 189 Iowa 964, 179 N.W. 323; In re Estate of Fagin, 246 Iowa 496, 66 N.W.2d 920. See also annotation, 104 A. L. R. 1130.

■ The record has the undisputed statement of plaintiff driver that his car, going about 50 miles per hour, turned over. This is corroborated by one other witness. Reason tells us that under such conditions damage to the car is probable. This, coupled with the statement of what he was told would be the extent of the damage done, makes a question for the jury with its weight to be determined by it.

II. As to personal injury and pain and suffering, Clarence Sallee stated he received a cut on the side of his head, bruised his right elbow, ribs, and skinned his ankle. He lost some blood and the elbow injury bothered him for about two weeks. He never visited a doctor and it is apparent that the injuries sustained were rather inconsequential. However, we think it sufficient to raise a question for the jury to pass upon as to the extent thereof. While we would hesitate to reverse upon this alone, we think it, taken with the question of car damage, requires that such be done.

■ III. After plaintiffs rested their main case and the court had indicated the motion to direct would be sustained, they asked permission to reopen the hearing for further testimony upon the question of damages. No claim is made that further testimony was then available from witnesses then present, nor is it shown how much time would be required to produce same. The question of reopening is one resting largely in the sound discretion of the trial court, and while we think such

might well have been allowed we are not prepared to say, under this record, that it was abused. Rule 192, R. C. P.; 88 C.J.S., Trial, section 108; Shultz v. Shultz, 224 Iowa 205, 275 N.W. 562.

IV. Appellee contends the record shows plaintiff guilty of contributory negligence as a matter of law. We do not agree. Beck v. Dubishar, 240 Iowa 267, 36 N.W.2d 438; Central States Electric Co. v. McVay, 232 Iowa 469, 5 N.W.2d 817.

For the reasons above stated the judgment of the trial court is reversed and the cause remanded.—Reversed and remanded.

All JUSTICES concur.